UNITED STATES DISTRICT COURT

FOR THE  DISTRICT OF RHODE ISLAND


LORI A. ZARLENGA
          *Plaintiff*

VICTORIA A. ZARLENGA
          *Plaintiff  Decedent*

V.

                                                              C.A. No.

                                                              JURY DEMAND


FEDERAL BUREAU OF INVESTIGATION,
935 Pennsylvania Avenue, NW Washington, DC 20535;
ROBERT S. MUELLER, individually and in his official capacity as
former Director of the Federal Bureau of Investigation;
JAMES B. COMEY, individually and in his official capacity as
former Director of the Federal Bureau of Investigation;
CHRISTOPHER A. WRAY,  individually and in his official capacity as
 Director of the Federal Bureau of Investigation;
ANDREW G. MCCABE,  individually and in his official capacity as
acting and deputy Director of the Federal Bureau of Investigation;
NICHOLAS MURPHY, individually and in his capacity as
former Supervisory Special Agent of the Federal Bureau of Investigation;
HOLLY JEAN STEEVES, individually and in her official capacity as FBI Agent of the Federal Bureau
of Investigation of Rhode Island;
ERIC YANKEE, individually and in his official capacity as Special Agent of Bureau of Alcohol,
Tobacco, and Firearms of Providence Rhode Island;
UNITED STATES OF AMERICA;
GEORGE W. BUSH, individually and in his official capacity as former
President of the United States;
BARACK HUSSEIN OBAMA II, individually and in his official capacity as former
President of the United States;
JOSEPH BIDEN,  individually and in his official capacity as
President of the United States
1600 Pennsylvania Ave. NW Washington, DC 20500;
UNITED STATES DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
 Washington, DC 20530;

RHODE ISLAND STATE POLICE
311 Danielson Pike
North Scituate, RI;
JAMES M. MANNI, individually and in his official capacity as
Superintendent of the Rhode Island State Police;
WEST WARWICK POLICE DEPARTMENT;
MARK KNOTT individually and in his official capacity as Chief of Police of the West Warwick
Police Department,
West Warwick Police Department
1162 Main Street
West Warwick, R.I. 02893;
ERNEST LAVIGNE, individually and in his official capacity as
Major prosecution division commander of the West Warwick Police Department;
 DONALD ARCHIBALD, individually and in his official capacity as
 Major Patrol Division Commander of the West Warwick Police Department;
STEPHEN VANNINI, individually and in his official capacity as Detective Sgt.
of the West Warwick Police Department;
BRIAN BROTHERS, individually and in his official capacity as Patrol Officer
of the West Warwick Police Department;
JUSTIN LAKE, individually and in his official capacity as Patrol Officer
of the West Warwick Police Department;
JOHNSON, GREGORY, individually and in his official capacity as Captain of the West
Warwick Police Department;
KELLY, PATRICK, individually and in his official capacity as
Patrol Officer of the West Warwick Police Department;
WARWICK POLICE DEPARTMENT;
 JOSEPH MEE individually and in his capacity as
 Warwick Police Officer;
NICHOLAS J. DINARDO, individually and in his official capacity as
 Police Officer of the Warwick Police Department;
TOMAS BOGUSZ, individually and in his official capacity as
 former Police Officer of the Warwick Police Department;
ALAN J. VALLIERE, individually and in his official capacity as
Sergeant of the Warwick Police Department;
NORTH KINGSTOWN POLICE DEPARTMENT
8166 Post Road
North Kingstown, R.I.;
EDWARD A.CHARBONEA, individually and in his official capacity as
Chief of Police of the North Kingstown Police Department;
ROBERT D. DESJARLAIS, individually and in his official capacity as
Detective Lieutenant of the North Kingstown Police Department;

COVENTRY POLICE DEPARTMENT;
CRANSTON POLICE DEPARTMENT;
PROVIDENCE POLICE DEPARTMENT;
FOXBORO MASSACHUSETTS POLICE DEPARTMENT;
**MASSACHUSETTS STATE POLICE**;
CHRISTOPHER S. MASON, individually and in his official capacity as
Colonel of the Massachusetts State Police;
SCOTT WARMINGTON individually and in his official capacity as
Deputy Superintendent of the Massachusetts State Police;
JAMES A. BAZZINOTTI, individually and in his official capacity as
Lieutenant of the Massachusetts State Police;
TIMOTHY J. CURTIN, individually and in his official capacity as
Major of the Massachusetts State Police;
CONNECTICUT STATE POLICE;
STATE OF RHODE ISLAND DEPARTMENT OF MENTAL HEATLH ADVOCATE
57 Howard Avenue
Cranston, RI;
 EMILY ROWLANDS, M.D, individually and as psychiatrist of Rhode Island Hospital;
 ARNALDO A. BERGES, MD, individually and as psychiatrist and Director of Adult Inpatient
Psychiatry of Rhode Island Hospital;
DAVID MYSELS, MD, individually and as psychiatrist of Rhode Island Hospital;
 PATRICK SCHULE, M.D., individually and as psychiatrist of Butler Hospital;
 JAMES K. SULLIVAN, M.D.individually and as psychiatrist of Butler Hospital and Chief of
Psychiatry for the Care New England Health System ;
 DANIEL J. LEVINE, M.D., individually and as Cardiologist of Cardiovascular Institute;
 DRAGON J. GOLIJANIN, M.D., individually and as Urologist of Brown Urology;
 RICHARD D. SCOTT, M.D., individually and as Orthopedist of New England Baptist Hospital;
 RI DISTRICT COURT
 Garrahy Judicial Complex
 One Dorrance Plaza – Sixth Division
 Providence, RI;
JUDGE PAMELA WOODCOCK-PFEIFFER, individually and as
associate Judge of the Rhode Island District Court;
 JUDGE MADELINE QUIRKindividually and as
associate Judge of the Rhode Island District Court;
 COLLEEN HASTINGS, individually and as
associate Judge of the Rhode Island District Court;
JEANNE LaFAZIA, individually and as
 Chief Judge of the Rhode Island District Court;
ELAINE T. BUCCI, individually and as
administrative  Judge of the Rhode Island District Court;
STEPHEN ISHERWOOD, individually and as
 associate Judge of the Rhode Island District Court;
ANTHONY CAPRARO, individually and as
 associate Judge of the Rhode Island District Court;
JAMES CARUOLO, individually and as
associate Judge of the Rhode Island District Court;

RHODE ISLAND SUPREME COURT
Licht Judicial Complex
250 Benifit Street
Providence, RI;
UNITED STATES SUPREME COURT
1 First Street, NE
Washington, DC ;
 BUTLER HOSPITAL;
  RHODE ISLAND HOSPITAL;
  KENT COUNTY HOSPITAL;
  THE PROVIDENCE CENTER
  528 North Main Street
  Providence, R.I.;
 JACK BELKIN, MD, individually and as
psychiatrist of the Providence Center;
JAMIL SADIQ CHAUDHRY, individually and as
psychiatrist of the Providence Center;
THRIVE BEHAVIORAL HEALTH, INC FORMERLY KNOWN AS
THE KENT CENTER
50 Health Lane
Warwick, RI;
GREGG ETTER, MD, individually and as
 psychiatrist of the Providence Center;
STATE OF RHODE ISLAND DEPT. OF BEHAVIORAL HEALTHCARE, DEVELOPMENTAL
DISABILITIES, AND HOSPITALS
14 Harrington Road
Cranston, RI;
KENNETH SCHREIBER, individually and as
 Attorney of Schreiber and Schreiber Law Firm
37 Sockanosset Cross Road
Cranston, RI;
PROVIDENCE RESCUE MISSION
TGIFRIDAYS RESTAURANT CORPORATION;
FACEBOOK, Inc., a Corporation;
MARK ZUCKERBERG, individually and as Founder, President, and CEO of Facebook, Inc.,;
UNITED STATES ATTORNEYS OFFICE, DISTRICT OF RHODE ISLAND

STATE OF RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL

GINA  M.RAIMONDO, individually and in his capacity
 as former Governor for the State of Rhode Island;
 DANIEL J. MCKEE, individually and in his capacity as
  current Governor for the State of Rhode Island;
 JACK F. REED , individually and in his official capacity as United States Senators;
 SHELDON WHITEHOUSE, individually and in his official capacity as United States Senators;
 LINCOLN D. CHAFEE individually and in his official capacity United States Senator and Governor
of the State of Rhode Island;

STATE OF RHODE ISLAND;
 CITY OF PROVIDENCE, RHODE ISLAND;
 TOWN OF WEST WARWICK
FOXWOODS RESORT CASINO;
MOHEGAN SUN CASINO;
JOHN AND JANE DOES 1 THROUGH 100;
JOHN DOE CORPORATIONS 1 THROUGH 50 AND OTHER;
JOHN DOE ENTITIES 1 THROUGH 50
all whose true names are unknown

*Defendants*

## **COMPLAINT**

This is a 42 U.S.C. 1983 civil rights and wrongful death claim seeking redress for the deprivation of fundamental rights guaranteed, inter alia, by the United States Constitution and the Rhode Island Declaration of Rights for monetary damages brought by Plaintiff Lori Ann Zarlenga and Plaintiff decedent Victoria Ann Zarlenga against all named and unnamed Defendants in the above entitled matter.

Under 42 U.S.C. § 1983, Plaintiff and Plaintiff decedent sue state and local officials for the "deprivation of rights secured by the Constitution and [federal laws]." Under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), Plaintiff and Plaintiff decedent sue United States Government, Federal Bureau of Investigation, federal officials, Judges for the violation of Plaintiffs constitutional rights.

Plaintiff Lori Zarlenga and Plaintiff decedent Victoria Zarlenga have also brought suit against all the individual defendants  for violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961-68 *et seq.,*and for violation of RICO's Rhode Island counterpart, R.I.Gen.Laws § 7-15-1 *et seq.*

*Plaintiff and Plaintiff decedent sue for recovery of threefold damages, punitive damages, costs of suit, and reasonable attorneys' fees.*

*Plaintiff states that Plaintiff is under ongoing imminent danger of serious physical injury committed by Defendants.*

*Defendants conspired to and did, in fact, conduct the affairs of an enterprise through a pattern of racketeering activity in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"),18 U.S.C. §§ 1962(a)(b)(c) and (d).*

Plaintiffs also bring claims under 42 U.S.C. § 1983,1985(3), and 1986 and sue state and local officials, including but not limited to United States Government, Federal Bureau of Investigation, federal officials and private parties named and unnamed for the "deprivation of rights secured by the Constitution and [federal laws]."

Plaintiff filed this civil action against several named and unnamed FBI agents and the United States Government seeking damages and injunctive relief for alleged violations of Plaintiffs rights under the First, Second, Fourth, Fifth, Ninth, and Fourteenth Amendments to the Constitution, under 42 U.S.C. §§ 1983, 1985(3) and 1986 and under the common law of Rhode Island.

Under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), Plaintiff and Plaintiff decedent sue United States Government, Federal Bureau of Investigation, federal officials for the violation of Plaintiffs constitutional rights.

Plaintiffs state that the FBI acted jointly with state officials to conspire to deprive Plaintiff  and Plaintiff decedent of their rights, including but not limited to engaging in racketeering and other prohibited activities for kidnapping Plaintiff Lori Zarlenga, for Assassination, for wrongful death of Plaintiff decedent, for false imprisonment of Plaintiffs,  for directly and proximately causing the death of Plaintiff decedent, and for directly and proximately causing mental anguish, severe emotional distress, including but not limited to emotional pain and suffering, and the loss of society, right to earnings, financial and property loss, companionship, comfort, protection, care, attention, advice,

Actions of federal officers may be the subject of a § 1983 suit if there is proof of a joint conspiracy with state officials, *Kletschka v. Driver,* 411 F.2d 436, 448 (2d Cir. 1969).

Plaintiff demands judgment for the damages resulting from the defendants' Civil Rights conspiracy against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount to be determined at trial and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney's fees should the plaintiff obtain an attorney, and such other relief deemed to be just and equitable.

Plaintiffs sue the Defendants, as individuals and in their official and unofficial capacities, for violating Plaintiff Lori Zarlenga and decedent Victoria Zarlenga's rights, for engaging in racketeering and other prohibited activities for kidnapping, for Assassination, for wrongful death, for false imprisonment,  for directly and proximately causing the death of Plaintiff decedent, and for directly and proximately causing mental anguish, severe emotional distress, including but not limited to emotional pain and suffering, and the loss of society, earnings, financial and property loss, companionship, comfort, protection, care, attention, advice, counsel or guidance.

**Defendants are not shielded from Qualified Immunity.**

Defendants named and unnamed misconduct described herein violated a clearly established statutory and constitutional right and violation of the law of which a reasonable person should have known. The Defendants acted with malice and corrupt motives.

The Supreme Court set the modern standards for qualified immunity in Harlow v. Fitzgerald, 457 U.S. 800 (1982) . The Court ruled that government officials performing discretionary functions should be protected from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would be aware. Id. at 819. Those who are plainly incompetent or who knowingly violate the law cannot invoke qualified immunity. Malley v. Briggs, 475 U.S. 335 (1986). Therefore, the official will be protected from Bivens or § 1983 liability for a discretionary act unless the violated constitutional right is of such a basic nature that a reasonable person would have known it, or if the official breaks a law.  Additionally, qualified immunity might be defeated by showing that the official acted with malice or corrupt motives. To defeat a defendant's claim of immunity, plaintiffs must show a violation of a constitutional right that the defendant knew or should have known, or a violation of law. To illustrate, a Michigan appeals court ruled that qualified immunity did not shield the superintendent of a state psychiatric hospital from liability under § 1983

for the violation of a deceased patient's constitutional 3/2/22, 9:23 AM The Clearly Established Rights Test https://biotech.law.lsu.edu/map/TheClearlyEstablishedRightsTest.html 2/2 rights where facts indicated in the plaintiff's pleadings alleged that the superintendent's conduct in failing to attend the medical needs of the patient violated a clearly established constitutional right of which reasonable person should have known. Gordon v. Sadasivan, 373 N.W. 2d 258 (Mich. App. 1985).

<u>PARTIES</u>

Plaintiff Lori A. Zarlenga is a resident of the State of Rhode Island and is the daughter of the deceased Victoria A. Zarlenga. Plaintiff brings this action on behalf of herself and/ or the estate pursuant to RIGL 10-7-1; 10-7-2.

Defendant the United States of America is sued under 18 U.S.C. 1961 and 5 U.S.C. sections 702–703 and 28 U.S.C. section 1346 and 42 U.S.C. 1983;

Defendant George  W. Bush, individually and in his official capacity as President of the United States is a resident of the state of  Texas;

Defendant BARACK HUSSEIN OBAMA II, individually and in his official capacity as President of the United States is a resident of Kalorama, Washington, D.C. and Martha's Vineyard, Massachusetts;

Defendant JOSEPH BIDEN,  individually and in his official capacity ais the President of the United States is a resident of 1600 Pennsylvania Ave. NW Washington, DC 20500;

Defendant U.S. Department of Justice is an Executive department, 5 U.S.C. § 101, and an "agency" within the meaning of 5 U.S.C. § 701. DOJ's principal offices are in the District of Columbia;

Defendant the United States Department of Justice ("DOJ") is an agency established in the Executive Branch of the United States Government. The Federal Bureau of Investigation ("FBI") is a subordinate component of the DOJ. The DOJ's  principal offices are in the District of Columbia;

ROBERT MUELLER,  individually and in his official capacity as Director of the Federal Bureau of Investigation is a resident of the District of Columbia;

JAMES COMEY, individually and in his official capacity as Director of the Federal Bureau of Investigation is a  resident of  the State of Virginia;

 Defendant Christopher A. Wray, individually and in his official capacity  as FBI Director, has his office in the District of Columbia;

 Defendant Andrew G. McCabe individually and in his official capacity  is a citizen of the United States and resides in the Commonwealth of Virginia. He was employed by the FBI from 1996 until 2018;

 Defendant FBI is a subordinate component of the DOJ pursuant to 28 C.F.R. § 0.1. The FBI's principal offices are in the District of Columbia, 935 Pennsylvania Avenue, NW Washington, D.C. 20535-0001;

Defendant NICHOLAS J. MURPHY,  individually and in his official capacity as Supervisory Special Agent of the Federal Bureau of Investigation of Rhode Island is a resident in the State of Rhode Island;

**HOLLY JEAN STEEVES, individually and in her official capacity as FBI Agent of the Federal Bureau of Investigation of Rhode Island and Alaska;**

**ERIC M. YANKEE, individually and in his official capacity as Special Agent of Federal Bureau of Alcohol, Tobacco, and Firearms of Providence** RhodeIsland, 380 Westminster Mall, Room 569 Providence, Rhode Island 02903;

UNITED STATES ATTORNEYS OFFICE, DISTRICT OF RHODE ISLAND
50 Kennedy Plaza Providence, RI;

JACK REED, individually and in his official capacity  as United States Senator and has an office located at 1000 Chapel View Blvd. Cranston, RI;

SHELDON WHITEHOUSE,individually and in his official capacity  as United States Senator and has an office located at 170 Westminster Street Providence, RI;

STATE OF RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL located at 150 South Main Street Providence, RI;

LINCOLN D. CHAFEE, individually and in his official capacity as United States Senator and Governor of the State of Rhode Island is a resident in the State of Wyoming;

GINA RAIMONDO, individually and in his official capacity as  Governor of Rhode Island and is currently serving as United States Secretary of Commerce in the District of Columbia;

DANIEL MCKEE, individually and in his official capacity as Governor of Rhode Island and has an office located at 82 Smith Street Providence, RI;

**Defendant STATE OF RHODE ISLAND;**

**Defendant CITY OF PROVIDENCE, RHODE ISLAND;**

**Defendant TOWN OF WEST WARWICK, RHODE ISLAND;**

**FOXWOODS CASINO,** 350 Trolley Line Boulevard, P.O. Box 3777, Mashantucket, CT 06338-3777;

**MOHEGAN SUN CASINO;** 1 Mohegan Sun Blvd Uncasville, CT 06382

WEST WARWICK POLICE DEPARTMENT, 1162 Main Street
West Warwick, R.I. 02893;

MARK KNOTT individually and in his official capacity as Chief of Police of the West Warwick Police Department located at 1162 Main Street West Warwick, RI 02893;

ERNEST LAVIGNE, individually and in his official capacity  as Major prosecution division commander of the West Warwick Police Department located at 1162 Main Street West Warwick, RI 02893;

 DONALD ARCHIBALD, individually and in his official capacity as Major Patrol Division Commander of the West Warwick Police Department located at 1162 Main Street West Warwick, RI 02893;


STEPHEN VANNINI, individually and in his official capacity as Detective Sgt.
of the West Warwick Police Department located at 1162 Main Street West Warwick, RI 02893;

BRIAN BROTHERS, individually and in his official capacity as Patrol Officer
of the West Warwick Police Department located at 1162 Main Street West Warwick, RI 02893;

JUSTIN LAKE, individually and in his official capacity as Patrol Officer
of the West Warwick Police Department located at 1162 Main Street West Warwick, RI 02893;

GREGORY JOHNSON individually and in his official capacity as Captain of the West Warwick Police Department located at 1162 Main Street West Warwick, RI 02893;

PATRICK KELLY, individually and in his official capacity as
Patrol Officer of the West Warwick Police Department located at 1162 Main Street West
Warwick, RI 02893;

WARWICK POLICE DEPARTMENT
99 Veterans Memorial Dr.
Warwick, R.I.;

JOSEPH E. MEE, individually and in his official capacity as Patrol Officer and Sergeant of the
Warwick Police Department located at 99 Veterans Memorial Dr. Warwick, RI;

NICHOLAS J. DINARDO, individually and in his official capacity as  Police Officer of the
Warwick Police Department located at 99 Veterans Memorial Dr. Warwick, RI;

TOMAS BOGUSZ, individually and in his official capacity as Police Officer of the Warwick
Police Department located at 99 Veterans Memorial Dr. Warwick, RI;

ALAN J. VALLIERE, individually and in his official capacity as Sergeant of the Warwick Police
Department located at 99 Veterans Memorial Dr. Warwick, RI;

NORTH KINGSTOWN POLICE DEPARTMENT 8166 Post Road North Kingstown, R.I.;

EDWARD A.CHARBONEA, individually and in his official capacity as Chief of Police of the North
Kingstown Police Department located at 8166 Post Road North Kingstown, R.I.;

ROBERT D. DESJARLAIS, individually and in his official capacity as Detective Lieutenant of the
North Kingstown Police Department located at 8166 Post Road North Kingstown, R.I.;

COVENTRY POLICE DEPARTMENT located at 60 Wood Street Coventry, RI 02816;

CRANSTON POLICE DEPARTMENT located at 5 Garfield Ave, Cranston, RI 02920;

PROVIDENCE POLICE DEPARTMENT located at 325 Washington St, Providence, RI 02903 ;

FOXBORO MASSACHUSETTS POLICE DEPARTMENT,8 Chestnut St, Foxborough, MA 02035;

MASSACHUSETTS STATE POLICE located at 470 Worcester Road, Framingham, MA 01702;
CHRISTOPHER S. MASON, individually and in his official capacity as
Colonel of the Massachusetts State Police;
SCOTT WARMINGTON individually and in his official capacity as
Deputy Superintendent of the Massachusetts State Police;
JAMES A. BAZZINOTTI, individually and in his official capacity as
Lieutenant of the Massachusetts State Police;
TIMOTHY J. CURTIN, individually and in his official capacity as
Major of the Massachusetts State Police;

CONNECTICUT STATE POLICE located at 269 Maxim Road Hartford, CT 06114;

RHODE ISLAND STATE POLICE located at 311 Danielson Pike North Scituate, RI;
Col. JAMES M. MANNI, individually and in his official capacity as Superintendent of Rhode Island
State Police and Director of Public Saftey located at 311 Danielson Pike North Scituate, RI.;

RHODE ISLAND DISTRICT COURT
Garrahy Judicial Complex
One Dorrance Plaza – Sixth Division
Providence, RI;

MADELINE QUIRK, individually and as associate Judge of the Rhode Island District Court located at
Garrahy Judicial Complex One Dorrance Plaza – Sixth Division Providence, RI;

COLLEEN HASTINGS, individually and as associate Judge of the Rhode Island District Court located
at Garrahy Judicial Complex One Dorrance Plaza – Sixth Division Providence, RI;

JEANNE LaFAZIA, individually and as Chief Judge of the Rhode Island District Court located at
Garrahy Judicial Complex One Dorrance Plaza – Sixth Division Providence, RI;

PAMELA WOODCOCK-PFEIFFER, individually and as associate Judge of the Rhode Island District
Court located at Garrahy Judicial Complex One Dorrance Plaza – Sixth Division Providence, RI;

ELAINE T. BUCCI, individually and as administrative  Judge of the Rhode Island District Court
located at Garrahy Judicial Complex One Dorrance Plaza – Sixth Division Providence, RI;

STEPHEN ISHERWOOD, individually and as associate Judge of the Rhode Island District Court
located at Garrahy Judicial Complex One Dorrance Plaza – Sixth Division Providence, RI;

ANTHONY CAPRARO, individually and as associate Judge of the Rhode Island District Court located
at Garrahy Judicial Complex One Dorrance Plaza – Sixth Division Providence, RI;

RHODE ISLAND SUPREME COURT
Licht Judicial Complex
250 Benifit Street
Providence, RI;

UNITED STATES SUPREME COURT
1 First Street, NE
Washington, DC;

STATE OF RHODE ISLAND DEPARTMENT OF MENTAL HEATLH ADVOCATE
57 Howard Avenue
Cranston, RI;

BUTLER HOSPITAL, located at 345 Blackstone Blvd, Providence, RI, doing business in the State of Rhode Island;

JAMES K. SULLIVAN, MD,PHD, individually and as Senior Vice President and Chief Medical Officer, Chief of psychiatry of Butler Hospital located at 345 Blackstone Blvd, Providence, RI;

PATRICK SCHULE, MD, individually and as psychiatrist of Butler Hospital
located at 345 Blackstone Blvd, Providence, RI;

RHODE ISLAND HOSPITAL located at 593 Eddy Street Providence, RI, doing business in the State of Rhode Island;

EMILY ROWLAND, MD, individually and as psychiatrist of Rhode Island Hospital located at 593 Eddy Street Providence, RI;

ARNALDO A. BERGES, MD, individually and as psychiatrist and Director of Adult Inpatient Psychiatry of Rhode Island Hospital located at 593 Eddy Street Providence, RI;

DAVID MYSELS, MD, individually and as psychiatrist of Rhode Island Hospital located at 593 Eddy Street Providence, RI;

THE PROVIDENCE CENTER located at 528 North Main Street Providence, R.I., doing business in the State of Rhode Island;

JACK BELKIN, MD, individually and as psychiatrist of the Providence Center located at 528 North Main Street Providence, RI;

THRIVE BEHAVIORAL HEALTH, INC FORMERLY KNOWN AS THE KENT CENTER
50 Health Lane Warwick, RI., doing business in the State of Rhode Island;

GREGG ETTER, MD, individually and as psychiatrist of the Providence Center located at 50 Health Lane Warwick, RI;

KENT COUNTY MEMORIAL HOSPITAL located at 455 Toll Gate Road Warwick, R.I., doing business in the State of Rhode Island;

CARDIOVASCULAR INSTITUTE located at 1454 South County Trail East Greenwich, RI, doing business in the State of Rhode Island;

DANIEL LEVINE,MD, individually and as Cardiologist of Cardiovascular Institute located at 1454 South County Trail East Greenwich, RI;

BROWN UROLOGY, INC 195 Collyer Street Providence, RI;

DRAGAN GOLIJANIN, MD, individually and as Urologist of Brown Urology, Inc. and Director of Minimally Invasive Urology Institute and Director of Genitourinary Oncology at Mirium Hospital and has an office located at 195 Collyer Street Providence, RI;

KENNETH SCHREIBER, individually and as Attorney of Schreiber and Schreiber Law Firm 37 Sockanosset Cross Road Cranston, RI;

STATE OF RHODE ISLAND DEPT. OF BEHAVIORAL HEALTHCARE, DEVELOPMENTAL DISABILITIES, AND HOSPITALS 14 Harrington Road Cranston, RI;

PROVIDENCE RESCUE MISSION, 627 Cranston Street Providence, RI 02907;

TGIFRIDAYS RESTAURANT CORPORATION, doing business in the State of Rhode Island;

Defendant FACEBOOK, Inc., *is a Delaware corporation with its headquarters and principal executive offices at 1601 Willow Road, Menlo Park, California 94025. Facebook is a citizen of the states of Delaware and California. Facebook is also registered to conduct business in the State of Rhode Island;*

Defendant Mark Zuckerberg, individually and as founder, President, and CEO OF Facebook, Inc., *headquarters and principal executive offices at 1601 Willow Road, Menlo Park, California 94025;*

*Upon information and belief, Defendants John and Jane Does 1 through 100 (the "Individual Defendants") are individuals whose names and addresses of residences are unknown;*

*3. Upon information and belief, Defendants John Doe Corporations 1 through 50 (the "Corporate Defendants") are corporations, the names and addresses of residences of which are unknown;*

*4. Upon information and belief, Defendants Other John Doe Entities 1 through 50  (the "Other Entity Defendants") are other legal entities, the names and addresses of residences of* which are unknown. The Individual Defendants, Corporate Defendants, and Other Entity Defendants are collectively referred to as the Defendants.

JURISDICTION

Plaintiff claims federal jurisdiction pursuant to Article III Section 2 which extends the jurisdiction to cases arising under the U.S. Constitution.

Plaintiff asserts subject matter jurisdiction pursuant to 28 U.S.C. § 1345; 28 U.S.C. 1361 and

5 U.S.C. sections 702–703 and 28 U.S.C. § 1331 for all claims arising under federal law.

The parties' citizenship is completely diverse and the amount in

controversy exceeds $75,000, exclusive of interest and costs 28 U.S.C. 1332.

A substantial part of this action arises under the laws of the United States. 28 U.S.C.

1331 (federal question) and 28 U.S.C.1337.

This Court also has original jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1343(a)

(3)and (4) (civil rights jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction);

42 U.S.C. 1981; 42 U.S.C. 1983;  42 U.S.C. 1985; 42 U.S.C. 1986; 42 U.S.C. 1987;

42 U.S.C. 1988; 28 U.S.C. 1651; 28 U.S.C. 1361; 28 U.S.C. 1343 (A) (3) the Gun Control Act

of 1968; 18 U.S.C. 921; 18 U.S.C. 922; 18 U.S.C. 1117 Conspiracy to murder Plaintiffs;

18 U.S.C. 241 Conspiracy against rights;18 U.S.C. 242 Deprivation of rights under color of

law; 18 U.S.C.A. 1201 Kidnapping and 18 U.S.C.1514 Civil action to restrain harassment of a

victim or witness; 18 U.S.C. Code 2511 The Wiretap Act; 18 U.S. Code 1030 Fraud and related

activity in connection with computers as amended The Computer Fraud and Abuse Act.

This Court has original subject-matter jurisdiction pursuant to 18 U.S.C. § 1964 (a) (c) and

28 U.S.C. § 1331 because this action arises, in part, under the Federal Racketeer Influenced and

Corrupt Organizations Act ("Federal RICO").

The state law causes of action are piggybacked onto the RICO claim based on this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

This Court also has jurisdiction under 1965 (b), Nationwide service of process of Defendants residing outside the forum District Court.

The Court has personal jurisdiction over Defendants because it has affirmatively established and maintained sufficient contacts with Rhode Island  in that Defendants are registered to do business in this State and conducts significant business in this State.

 Jurisdiction is also proper under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), in so far as the actions violate the 1st, 2nd, 4th, Fifth, Ninth, and 14th Amendments to the U.S. Constitution. This Court also has jurisdiction under 42 U.S.C. 1983.

5. Venue is proper in the United States District Court for the District of Rhode Island under 28 U.S.C. § 1391(b)(2) because substantial part of the acts or omissions giving rise to the claims herein occurred in this judicial district. Venue and jurisdiction is proper in the United States District Court for the District of Rhode Island under 18 U.S.C. 2334 and 18 U.S.C. 1965.

The Court is authorized to award the requested declaratory and injunctive relief under  5 U.S.C. section 706, 28 U.S.C. section 1361, and 28 U.S.C. sections 2201.

This case arises from the Conspiracy of the Defendants to violate Plaintiffs Civil Rights, the rule of law, including but not limited to fundamental human rights, and violation of International Laws and Treaties and conspiracy to kidnap, assassinate, including but not limited to Ambushing, targeting, stalking, harassing, wiretapping, hacking Plaintiffs computers and phone, unlawful stops, unlawful search and seizure.

Under 42 U.S.C. § 1983, Plaintiff and Plaintiff decedent sue state and local officials for the "deprivation of rights secured by the Constitution and [federal laws]." Under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), Plaintiff and Plaintiff decedent sue United States Government, Federal Bureau of Investigation, federal officials, Judges for the violation of Plaintiffs constitutional rights.

Plaintiff Lori Zarlenga and Plaintiff decedent Victoria Zarlenga have also brought suit against all the individual defendants  for violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961-68 *et seq.,*and for violation of RICO's Rhode Island counterpart, R.I.Gen.Laws § 7-15-1 *et seq.*

*Plaintiff and Plaintiff decedent sue for recovery of threefold damages, punitive damages, costs of suit, and reasonable attorneys' fees.*

*Defendants conspired to and did, in fact, conduct the affairs of an enterprise through a pattern of racketeering activity in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"),18 U.S.C. §§ 1962(a)(b)(c) and (d).*

As grounds therefore, Plaintiff, and Plaintiff decedent, allege as follows:

This is a civil action for violations of 18 U.S.C. § 1961 et seq. ("Racketeer Influenced and Corrupt Organizations Act" or "RICO"). RICO addresses the corrupt abuse and misuse – usually covertly – of organizations, entities, businesses, institutions or even governments or government agencies, such that superficially legitimate entities actually operate for criminal purposes irrelevant to the entity's purpose.

Defendants are engaged in an ongoing pattern of racketeering activity as detined by 18 U.S.C. § 1961(5) and RIGL 7-15-1.

The Rhode Island RICO pattern of racketeering activity engaged in by Defendants consists of more than two predicate acts of racketeering activity, the most recent of which occurred within four years after the commission of a prior act of racketeering activity.

For purposes of federal RICO, the racketeering activity includes an open and ongoing pattern of violations. Each violation of Kidnapping, Murder, Ambushing, Wire Fraud, including but not limited to unlawful stops, unlawful searches and seizures, Hacking Computers and Phones, obstruction of justice, obstruction of criminal investigations, obstruction of State or local law enforcement, tampering with a witness, victim, or an informant, retaliating against a witness, victim, or an informant, constitutes an act of "racketeering activity" under the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 (A) and (B) and Rhode Island Racketeer Intluenced and Corrupt Organizations Act. RIGL 7-15-1.

Defendants acts of racketeering activity involve a distinct threat of long-term criminal racketeering activity in violation of Federal and State RICO mentioned herein, that has continued for years, is ongoing to the present time and will continue into the future unless halted by judicial intervention.

Plaintiff states that the predicate acts committed by the Defendants are related and"have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.

Plaintiff states there is a pattern of racketeering activity in which the predicates are related and pose a threat of continued criminal activity.

It is a basic right of persons in the United States to travel freely without being kidnapped, murdered, Ambushed, unlawful stops, unlawful search and seizures including but not limited to committing unlawful acts such as wire fraud hacking Plaintiff and Plaintiff decedents computers and phones by Law Enforcement without just cause, a right denied to Plaintiff and Plaintiff decedent.

Plaintiff suffered financial loss of over a half a million dollars, loss of property, including but not limited to deprivation of the right to earn wages caused by the Defendants racketeering activity.

Plaintiff was unable to pursue gainful employment while unjustly falsely imprisoned and targeted by Law Enforcement on a daily basis caused by the Defendants racketeering activity. Defendants violated Plaintiffs right to earn wages within the scope of 18 U.S.C. 1964 (c) . Plaintiff and Plaintiff decedent feared for their life from Law Enforcements unlawful actions targeting Plaintiff and Plaintiff decedent on an ongoing basis which has continued to date. The police in every jurisdiction in RI and out of state would stalk, harass, intimidate Plaintiff in all the places where Plaintiffs traveled.

The police would wait and stalk Plaintiffs outside of the exit of restaurants, supermarkets, including but not limited to doctors offices, blood labs. The police would tailgate Plaintiffs while in their vehicle. The police blocked Plaintiffs vehicle. The police parked their vehicle in their driveway and in front of their home without just cause, only with the intent to cause harm to Plaintiffs. The police Ambushed Plaintiffs at their home and on the roadway. The police are responsible for breaking and entering Plaintiff and Plaintiff decedent's home without just cause. It is like living in a war zone on a daily basis. Defendants violated Plaintiff and Plaintiff decedents right to life, liberty, and the pursuit of happiness which continues to this day.

The Defendants targeted, Ambushed, stalked, harassed, including but not limited to wiretapped, hacked Plaintiffs Computers and phones, on a daily basis and conspired to kidnap and assassinate Plaintiffs that continues to this day.

The Defendants obstructed justice, obstructed criminal investigations,obstructed State or local law enforcement, tampered with a witness, victim, or an informant, retaliated against a witness, victim, or an informant, to cover up the kidnapping, including but not limited to murder, assassination, wrongful death, Ambushing, wire fraud,  hacking computers and  phones, obstruction of justice, obstruction of criminal investigations, obstruction of State or local law enforcement, tampering with a witness, victim, or an informant, retaliating against a witness, victim, or an informant, which constitutes an act of "racketeering activity" under the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 (A) and (B) and Rhode Island Racketeer Intluenced and Corrupt Organizations Act. RIGL 7-15-1.

The Defendants prepared false reports, including but not limited to false testimony, Fraud on the Court, destroyed audio tapes from the August 7, 2020 hearing on the merits of Petition for Civil Court Certification and Petition for Instructions to cover up the unlawful misconduct by the police, R.I. District Court- Mental Health Court Judges, psychiatrists, Plaintiff's Court appointed lawyers resulting in the false imprisonment of Plaintiff Lori Zarlenga. and forced anti-psychotic medication upon her. Law Enforcement falsified police reports and dispatch logs to cover up Law Enforcements crimes against Plaintiff and Plaintiff decedent. The Mental Health Advocates and Court Appointed Lawyers all conspired with FBI- the United States Government to not act in the best interests of Plaintiff and to cause irreparable harm to Plaintiff and Plaintiff's case. The Courts on every level, lawyers on both sides, expert testimony by psychiatrists all conspired with the FBI- the United States Government to harm Plaintiff Lori Zarlenga by falsely imprisoning Plaintiff and forcing dangerous anti-psychotic medication upon her.

The FBI- United States Government conspired with Plaintiff's Mother's doctors, Dr. Daniel Levine and Dr. Dragan Golijanin and used Dr. Levine and Dr. Golijanin as political assassins to assassinate Plaintiff decedent, thereby causing the Wrongful death of Victoria Zarlenga.

The United Sates Government has committed acts of Terrorism against Plaintiff and Plaintiff decedent, among other innocent American Citizens.

The FBI defines domestic terrorism as violent, criminal acts committed by individuals and/or groups to further ideological goals stemming from domestic influences, such as those of a political, religious, social, racial, or environmental nature.

The United **States' PATRIOT Act AND 18 U.S. Code 2331 identifies problematic acts as being domestic terrorism when they:**

- •(A) involve acts dangerous to human life that are a violation of the criminal laws of the United States or of any State;
- •(B) appear to be intended – (i) to intimidate or coerce a civilian population; (ii) to influence the policy of a government by intimidation or coercion; or (iii) to affect the conduct of a government by mass destruction, assassination, or kidnapping; and
- •(C) occur primarily within the territorial jurisdiction of the United States.

The Defendants intentionally and maliciously through a Conspiracy without just cause Kidnapped Lori Zarlenga, Ambushed Lori Zarlenga and Victoria Zarlenga, including but not limited to stalking, intimidation, harassment, surveillancing, hacking Plaintiffs computers, wiretapping Plaintiff phones, used family et al as informants to silence, discredit, neutralize, hide the atrocities perpetrated upon Plaintiffs by Defendants.

Defendants Conspiracy succeeded in the Assassination of Plaintiffs Mother Victoria Zarlenga and Defendants continue to falsely imprison Plaintiff Lori Zarlenga, target, stalk, intimidate, unlawfully stop Plaintiff, Ambush Plaintiff, hack Plaintiffs Computers and phones, Wiretap Plaintiff phones et al, and issue Orders to kidnap and Assassinate Plaintiff to this day.

## RICO- The Criminal Enterprise

United States Government is a governmental entity and constitutes an "enterprise"

as that term is defined in 18 U.S.C. 1961 (4) and RI RICO Statute.

Defendants have engaged in an open and ongoing pattern of violations of Federal and State laws to the present by using the resources, facilities, and law enforcement to further their criminal goals, such as targeting, stalking, kidnapping, assassination of Plaintiff and Plaintiff decedent.

Defendants engaged in an ongoing pattern of Racketeering activity as defined by 18 U.S.C. 1961.

Defendants FBI- the United States Government condoned and authorized the unlawful actions by the corrupt West Warwick Police Department, including but not limited to Warwick Police Department and other Law Enforcement jurisdictions which constitutes Racketeering Activity and so would come under RICO LAW.


In large part, this case addresses (among other claims) an illegal RICO —enterprise.

This RICO enterprise is a classic organized crime enterprise, addressed within the core purpose of the RICO statute, involving criminal acts by the Defendants described herein.

The former Presidents George W. Bush, Barack Obama, the Trump administration, and the Biden administration knowingly and willfully committed acts of Terrorism, Racketeering, by ordering at the highest level of Government the Kidnapping, Assassination of Plaintiffs, Wiretapping, hacking of Plaintiffs Computers, including but not limited to unlawful stops, Ambushing, unlawful searches and seizures  threats of intimidation, violence, that continues to this day.

## **Defendants violations under 42 U.S.C. 1983**

Under the Color of Law and Federal and State RICO, the United States Government-
Federal Bureau of Investigation,(FBI) State, and Local police conspired to violate the rights
of Lori Ann Zarlenga and Victoria Ann Zarlenga and then covered it up.

Under the Color of Law, the United Sates Government -FBI, State and Local police
conspired to kidnap and Assassinate Lori Zarlenga and her Mother Victoria Zarlenga.

In an extensive conspiracy, The FBI supervised a nationwide effort to destroy Ms. Zarlenga
and her Mother Victoria Zarlenga.

Under the Color of Law, the United States Government-FBI, State, and Local police
conspired with Lori Zarlenga Psychiatrists, Clinicians, including but not limited to social
workers, Judges, Attorneys, Clerk of Court to violate her rights by falsely imprisoning Ms.
Zarlenga to Mental Institutions to discredit and neutralize the Plaintiff and hide the atrocities
of the FBI, the United States Government, the police and their co-conspirators.

Under the Color of Law the United States Government- FBI, State, and Local police
conspired with Victoria Zarlenga's  medical doctors, to violate her rights and cause wrongful
death. The United States Government -FBI, State, and Local police used Ms. Zarlenga's
doctors as political assassins to assassinate Plaintiff and concealed the truth from the public.

Plaintiff states that the defendants acted under the color of state law pursuant to 42

U.S.C. 1983 and applicable to private conduct. The action of a private party may be

treated as the state where there is a connection between the state and the challenged

action of the private defendant, See Jackson v. Metropolitian  Edison Co., 419 U.S.

345, 351 (1974).

Plaintiff states that the defendants acted under the color of state law by conspiring

with the United States Government to deprive Plaintiff of her constitutional

rights in a common plan to cause harm to Plaintiff, See Adickes v. S.H.

Kress & Co. 398 U.S. 144 (1970).


Plaintiff alleges that private party Defendants acted under color of state law by conspiring with one

or more state officials to deprive Plaintiff and Plaintiff decedent of a federal right.  A conspiracy is an

agreement between two or more people to do something illegal. A person who is not a state official acts

under color of state law when [he/she] enters into a  conspiracy, involving one or more state officials, to

do an act that deprives a person of federal  [constitutional] [statutory] rights.  To find a conspiracy in

this case, you must find that [plaintiff] has proved both of the following by a preponderance of the

evidence:  First: [Defendant] agreed in some manner with [Official and/or another participant in  the

conspiracy with Defendants] to do an act that deprived [plaintiff] of [ federal  constitutional or statutory

right stated herein].  Second: [Defendant] or a co-conspirator engaged in at least one act in furtherance

of the conspiracy.

The defendants named and unnamed in Plaintiff's Complaint have violated Plaintiff's

constitutional rights under the First Amendment, 2nd amendment, Fourth Amendment, including but

not limited to the Ninth Amendment, Fourteenth amendments and

Rhode Island Declaration of  Rights.


26 of 100

Defendants deprivations of Plaintiff and Plaintiff decedent constitutional rights are stated herein and set forth in the following statements of facts and causes of action .

## STATEMENT OF  FACTS

The incidents of Plaintiff and Plaintiff decedent being targeted by the FBI- The United States Government, Federal, State, and Local Law Enforcement began after Plaintiff Lori Zarlenga filed a product liability lawsuit on October 25, 1995 against a Japanese Company, Showa Denko K.K.,as a result of being injured by contaminated genetically engineered L-tryptophan that involved the FDA's wrongdoing.

There are approximately 5,000 to 10,000 individuals who ingested contaminated  L-tryptophan manufactured by Showa Denko K.K., and who suffer from the first genetically engineered disease known as Eosinophilia Myalgia Syndrome. The Japanese Company, Showa Denko K.K, and the Food and Drug Administration (FDA) are at fault for the deaths and severe injuries of thousands of Americans. Plaintiff hired a lawyer in 2000/2001 who used Plaintiff's case to file discovery motions in the (MDL) United States District Court Columbia, South Carolina, (C. A. No. 3:96-361-0), damaging to the defendant Showa DenkoK.K., and the United States Government – the FDA. Plaintiff's former attorney stated to Plaintiff and in Court filings that an EMS support group was being surveillanced and expressed concern that he was being surveillanced because of the damaging discovery he filed in Plaintiff's case against Showa Denko that involved the FDA wrongdoing. Plaintiff's case posed a threat to Showa Denko K.K. and the United States Government – FDA since, Plaintiff's L-tryptophan lawsuit could re-open previous settlements entered into by  5,000 – 10,000 L-tryptophan litigants on the basis of

fraudulent inducement and expose damaging discovery against Showa Denko and the FDA. Plaintiff and Plaintiff decedent's computers were hacked and have continued to date. In 2003, Plaintiff contacted the Federal Bureau of investigation about the hacking of Plaintiffs computer. The Federal Bureau of Investigation Agent Holly Steeves and Federal Bureau Supervisor Nicholas Murphy stonewalled the investigation into the hacking of Plaintiffs computers. Federal Bureau Supervisor Nicholas Murphy stated to Plaintiff Lori Zarlenga to not send the evidence Plaintiff had regarding the hacking of Plaintiffs computers, including but not limited to IP addresses of the hacking. The FBI stonewalled the investigation into the hacking of Plaintiff computers because the FBI was responsible for the criminal act of hacking Plaintiffs computers and they were covering up their unlawful actions. At that time, Plaintiff was unaware that the FBI was hacking Plaintiffs computers. Plaintiff's computers and phones continue to date to be hacked and wiretapped by the FBI.

Plaintiff was unaware of the Racketeering Activity by the Defendants until recently. The defendants fraudulently concealed information needed to bring a RICO claim, and the plaintiff could not have discovered those facts despite its exercise of reasonable diligence.

On  October 29, 2003, Plaintiff Lori Zarlenga L-tryptophan case settled for a half a million dollars. However, the attorneys for the defendants made an error in the general release that allowed the case to remain open to sue defendants in the case. Plaintiff Lori Zarlenga proceeded to contact

attorneys to further pursue a  L-tryptophan lawsuit against the defendants. The attorneys Plaintiff consulted with stated to Plaintiff that the reason Plaintiff case settled for a half a million dollars was due to damaging discovery that would have been uncovered-"not for what you know, but for what you don't know" and the fear that Plaintiff would have been offered twenty million dollars to make a movie and publicize the wrongdoing of the defendants.

After October 25, 1995 through 2022 Plaintiffs continued to be targeted, stalked, surveillanced by Federal, State, and Local Law Enforcement which continues to date.

Plaintiff states that "timing" is strong evidence to prove a conspiracy. Prior to Plaintiff's L-tryptophan product liability lawsuit in 1995, Plaintiffs were never a target of Law enforcement.

On January 22, 2006, Plaintiff Lori Zarlenga was kidnapped by Warwick, Rhode Island police officer Joseph Mee at a TGIFRIDAYS in Warwick, Rhode Island. There were other police officers on the scene including a plain clothes man who assisted officer Mee who was omitted from the Warwick dispatch log. Law Enforcement falsified police reports and dispatch logs to cover up kidnapping Plaintiff. The unlawful activities mentioned herein are ongoing and have continued to date. Plaintiff contacted FBI Supervisory Agent Nicholas Murphy after Plaintiff was kidnapped by Warwick Police Officer Joseph Mee to report the kidnapping. However, FBI Supervisory Agent Nicholas Murphy refused to help Plaintiff and instead helped to cover up the kidnapping.

After Plaintiff filed a lawsuit in U.S. District Court of Rhode Island on December 7, 2006 against Federal Bureau Supervisory Agent Nicholas Murphy et al, he and others stepped down from their positions with the Federal Bureau of Investigation and West Warwick Police Department. Plaintiff states that Law Enforcement unlawfully interrogated Plaintiff's granddaughter at her school in Coventry, Rhode Island. Law Enforcement forced Plaintiff's granddaughter to answer intelligence gathering questions about Plaintiff. Coventry Police Officer asked Plaintiff's granddaughter where Plaintiff Lori Zarlenga sleeps at night. Law Enforcement wanted to know where Plaintiff slept at night so they could assassinate Plaintiff Lori Zarlenga. Law Enforcement threatened Plaintiff's granddaughter by stating that if she told anyone about the police questioning her about Plaintiff, Plaintiff's granddaughter would be in big trouble. Law Enforcement has terrorized and traumatized Plaintiff's granddaughter for life.

Plaintiff states that on another occasion, the Coventry Police went to the home of Plaintiff's granddaughter's mother's residence, and asked Plaintiff's granddaughter's mother when Plaintiff was going to come home from Foxwoods Casino. The West Warwick police have on numerous occasions parked in front of Plaintiff's house and driveway targeting Plaintiffs. The West Warwick police unlawfully broke down doors in Plaintiff's house. Plaintiff states that the Law Enforcement are the contact initiators.

On August 12, 2007 , the West Warwick Police were violently banging on Plaintiffs door at home at approximately between 5:00 am & 6:00 am to stop Plaintiff Lori Zarlenga, while Plaintiff was on the Daily Kos, a social political website, from exposing the truth to the American people about law enforcements unlawful actions against Plaintiff. There are numerous other incidents regarding Law Enforcement targeting Plaintiffs.

In September 0f 2007, Dr. Richard Scott et al Civil Docket No. SUCV2011-01135 conspired

with the FBI- the United States Government to assassinate Plaintiff decedent Victoria Zarlenga. The FBI essentially used Dr. Scott as a political assassin to assassinate Plaintiff decedent.

Plaintiff states the defendants prescribed Zyprexa and Cipro in combination causing a drug interaction; altering the pharmacological effects of Zyprexa, thereby increasing the side effects and causing overdose,( see American Journal of Psychiatry re: reported atrial fibrillation , congestive heart failure, and death caused by an overdose of Zyprexa, American Journal of Psychiatry 162:28-33, January 2005, Dr. Larry E. Davis et al ) and (see J Clin Psychopharmocol, 2008 June; 28 (3) : 354 - 5 by Waters, Brian M. MD Re: " Olanzapine - associated new onset Atrial Fibrillation").

Plaintiff states that the Physician's Desk Reference and the Medication Guide cautions prescribing Zyprexa in elderly patients.

Plaintiff states that Plaintiff decedent injuries were not merely an unfortunate medical result. Plaintiff states that the defendants intentionally harmed Plaintiff decedent.  The defendants willfully and knowingly with malice intentionally injured Plaintiff decedent.

Plaintiff states that the defendants named and unnamed have conspired with the United States Government to harm Plaintiff and Plaintiff's decedent.

The FBI – the United States Government conspired with Dr. Richard Scott to assassinate Plaintiff decedent and used Dr. Scott as a political assassin in the same way the FBI-

United States Government used Dr. Daniel Levine and Dr. Dragan Golijanin as political

assassins to assassinate Plaintiff decedent, which resulted in the wrongful death of

Victoria Zarlenga for reasons stated herein.

Plaintiff state that after Plaintiff filed a lawsuit in U.S. District Court of Rhode Island on

December 7, 2006 against Federal Bureau Supervisory Agent Nicholas Murphy et al, Law

enforcement began to falsely imprison Plaintiff Lori Zarlenga in Psychiatric Institutions.

Plaintiff states that Plaintiff was falsely imprisoned by Law enforcement on August 21, 2007, to

Kent County Hospital psychiatric unit then taken against Plaintiff's will to a psychiatric hospital

Landmark Medical Center after Plaintiff filed a 42 U.S.C. § 1983 lawsuit on December 7, 2006

against Law Enforcement and others in Federal Court for civil rights violations, among other

violations and unlawful actions. As a result of Law Enforcement falsely imprisoning Plaintiff to a

psychiatric hospital in 2007, Plaintiff was unable to respond to Plaintiff's pending Court action and

Plaintiff's case was dismissed for lack of diligent prosecution.

In 2016, Plaintiffs life being in danger escalated and continued to be falsely imprisoned after Plaintiff

Lori Zarlenga became involved in helping the Donald J. Trump campaign and continued

to help former President Trump during his presidency in 2017 to present.

Plaintiff states that Plaintiff was falsely imprisoned by Law enforcement in February of 2018 to Butler

Hospital to insulate themselves from their pattern and practice of racketeering, unlawful actions and to

stop Plaintiff from helping President Trump whom the Defendants wanted impeached.

By diagnosing and confining Plaintiff with delusional disorder and/or mental illness, it would then

discredit Plaintiffs valid complaints against Federal, State, and Local Law Enforcement – FBI – United

States Government and stop Plaintiff from helping President Trump.

On February 2, 2018, Plaintiffs were taken by force at the Kent County Courthouse following the West

Warwick and Warwick Police providing false statements about Plaintiffs to the Providence Center court

clinician Heather Seger who started working in the West Warwick PD in early 2017. After the West

Warwick Police and the Warwick Police surrounded the Providence Center court clinician and provided

false statements to the court clinician about Plaintiffs, Plaintiff Lori Zarlenga was then emergency

certified to Kent County Hospital Psychiatric Emergency Department. Plaintiff and Plaintiff's elderly

mother were taken against their will together in the same rescue vehicle to the Kent County Hospital

Emergency Department. Plaintiff Lori Zarlenga remained in the Kent County Psychiatric lockdown

unit for three days and then was taken against her will by rescue vehicle to Butler Hospital on February

5,2018 where she remained confined for four months. Plaintiff was never evaluated or examined by a

psychiatrist at Kent County Hospital. On February 5, 2018, Plaintiff was admitted to Butler Hospital

pursuant to an emergency certification filed by the Providence Center court clinician Heather Seger

pursuant to R.I.G.L. 40.1-5-7 where Plaintiff remained confined for four months. This emergency

certification was filed based on false statements given to the Court Clinician Heather Seger by the West

Warwick Police and the Warwick Police. Plaintiff was discharged from Butler Hospital on June 11,

2018, and then sent to the Kent Center an outpatient facility where court ordered anti-psychotic

injections continued to be forced upon Plaintiff. The Court Ordered anti-psychotic injections began

from February 23, 2018 to February 22, 2019 and continues to date. Plaintiff's mother was admitted to

Kent County Hospital for medical evaluation where she remained for over three days, and then given a

dangerous injection of anti- psychotic medication Haldol against her will in order to take her against

her will by rescue vehicle to Butler Hospital. Plaintiff and Plaintiff's mother have no history of mental

illness. Plaintiff and Plaintiff's mother have no history of being a danger to themselves or others.

In February of 2018, Butler Hospital treating psychiatrist Dr. Alvaro Olivares M.D.  conspired with

Law Enforcement to diagnose Plaintiff a mentally healthy individual with mental illness who had no

history of mental illness. Dr. Olivares relied on hearsay false police reports.

In February of 2020, West Warwick Police Officer Brian Brothers forced Plaintiff Lori Zarlenga into an

Ambulance to Butler Hospital .The treating psychiatrist Dr. Patrick Schule conspired with Law

Enforcement - FBI to diagnose Plaintiff a mentally healthy individual with mental illness.

On July 4, 2020, Law Enforcement-FBI conspired with the Providence Rescue Mission and

Providence Fire Rescue to falsely imprison Plaintiff at Rhode Island Hospital to silence

and discredit Plaintiff's valid complaints against Law Enforcement and to hide the

atrocities of Law Enforcement-FBI -United States Government and to stop Plaintiff from

helping President Trump. Plaintiff remained confined at R.I. Hospital for seven months.

 In 2018, treating psychiatrist Alvaro Oliveres M.D. at Butler Hospital conspired with Law

Enforcement- the FBI- the United States Government to unlawfully inject Plaintiff Lori

Zarlenga numerous times in Plaintiff's left calf without a Court Order, without Plaintiff's

consent, and without an emergency on the third shift.

In February and June of 2020, treating psychiatrist Patrick Schule M.D. at Butler Hospital

conspired with Law Enforcement- the FBI- the United States Government to unlawfully

inject Plaintiff numerous times in the areas her body without a Court Order, without

Plaintiff's consent, and without an emergency on the third shift.

In  2020, treating psychiatrist Emily Rowland M.D. at Rhode Island Hospital conspired with

Law Enforcement- the FBI- the United States Government to unlawfully inject numerous

times  in Plaintiff's abdomen and other areas of Plaintiff's body without a Court Order,

without Plaintiff's consent, and without an emergency on the third shift.

Plaintiff has photographic evidence of the unlawful injections she received as stated herein. The hospital, nurses, doctors, judges, all covered up the unlawful injections Plaintiff received at the above mentioned hospitals to insulate themselves and law enforcement -FBI.

The Psychiatrists at Landmark Medical Center, Butler Hospital, Rhode Island Hospital, RI District Court – Mental Health Court, the RI Supreme Court, and the United States Supreme Court conspired with Law Enforcement- the FBI to falsify records, testimony, evidence, tampered with evidence, destroyed audio tapes from the August 7, 2020 Mental Heath Court Hearing in which the presiding Judge was Elaine Bucci, committed fraud on the Court to falsely imprison Plaintiff to silence and discredit Plaintiff's valid complaints and to hide the atrocities of law enforcement – the FBI- the United States Government.

Dr. Alvaro Olivares, Dr. James Sullivan, Dr Patrick Schule, including but not limited to Dr. Emily Rowlands, Dr. Jack Belkin, Dr. Gregg Etter Plaintiff's treating psychiatrists conspired with law enforcement – the FBI to commit political abuse of psychiatry which is  "misuse of psychiatric diagnosis detention and treatment for the purposes of obstructing the fundamental

human rights of certain groups and individuals in a society." It is important to recognize that the unique role of discrediting opinion and dehumanizing those with one whom disagrees is not limited to totalitarian regimes. The coercive use of psychiatry represents a violation of basic human rights in all cultures, including the United States where dissent is disapproved, often punished, and those perceived as threats to the existing political system could be effectively "neutralized with trumped up psychiatric illness. By this stigmatization reputations are ruined, power is diminished, and voices are silenced. It involves the deliberate action of diagnosing someone with a mental condition that they do not have for political purposes as a means of repression or control and to hide the atrocities of intelligence agencies' actions towards their targets." On first glance, political abuse of psychiatry appears to represent a straightforward and uncomplicated story - the deployment of medicine as an instrument of repression. Psychiatric incarceration of mentally healthy people is uniformly understood to be a particularly pernicious form of repression because it uses the powerful modalities of medicine as tools of punishment, and it compounds a deep affront to human rights with deception and fraud. Doctors who allow themselves to be used in this way (certainly as collaborators, but even as victims of intimidation) betray the trust of their fellow man and breach their most basic ethical obligations as professionals.

Plaintiffs state Rhode Island District Court- Mental Health Court, Rhode Island Supreme Court, United States Supreme Court, Law Enforcement-FBI-United States Government including but not limited to Plaintiff's doctors, lawyers are all engaged in a pattern and practice of Political Abuse of psychiatry, Racketeering, Conspiracy, Conspiracy to violate rights, violation of civil liberties, fundamental human rights, due process, the rule of law, and International Laws and Treaties.

Plaintiff states that Plaintiff's basic human rights, due process rights, equal protection secured by the Fourteenth Amendment, and the RI Constitution were violated by Law Enforcement, West Warwick Police, Warwick police, including but not limited to Kent County Courthouse Clerk, Kent County Courthouse Sheriff, Kent County Courthouse Police, Providence Center Court Clinician, Dr. Alvaro Olivares, Dr. Matthew Neidzwiecki, Kent County Hospital, Butler Hospital, RI District Court Judges, RI District Court Clerk, Vincent Chantharangsy, RI Supreme Court Chief Clerk Debra Saunders, RI Supreme Court, Mental Health Advocate, Petitioner's lawyer Susan Iannitelli who all participated in unlawful false imprisonment of Petitioner to a psychiatric mental institution and who have deprived Plaintiff of basic human rights, right to due process, right to equal protection, right to petition the Government for a redress of grievances, and the right to life, liberty, and the pursuit of happiness. Their unlawful actions have critical implications for our democracy and the quality of life of our citizens. Law enforcement have violated the U.S. and International laws and have committed crimes against humanity. Plaintiff's case is a clear example of Political abuse of psychiatry, violation of rights, RICO and Crimes against Humanity.

There has been a pattern and practice of unlawful incidents committed by the entire West Warwick Police Department, other police departments in other jurisdictions, including but not limited to the Federal Bureau of investigation and similar events will occur in the future until Plaintiffs are assassinated for political purposes. These acts

happened at places at Plaintiffs residence and other than the residence of the Plaintiffs, were without the consent of the Plaintiff, and placed Plaintiffs in reasonable fear for their own safety. The Defendants have stalked, harassed, surveillanced, targeted, Ambushed Petitioners, Kidnapped Petitioner Lori A. Zarlenga, hacked Petitioners computers, wiretapped Plaintiffs land line telephones and cell phones, used family, doctors, civilians, Sprint, Kent County Water Authority, including but not limited to, Kent County Memorial Hospital, Butler Hospital, Plaintiff Victoria A. Zarlenga's doctors Dr. Daniel Levine, Dr. Richard Scott, Plaintiffs Lawyers, Neighbors, Plaintiffs entire family, as FBI informants and/or anyone that Plaintiffs have contact with on an ongoing basis. Defendants willfully, maliciously and repeatedly stalking Plaintiffs with the intent to place Plaintiffs in reasonable fear of bodily injury; transmitting any communication by computer to any person or causing any person to be contacted for the sole purpose of harassing Plaintiffs knowing and willful course of conduct directed at Plaintiffs with the intent of seriously alarm, annoy, and harm to Plaintiffs. The course of conduct caused Plaintiff and Plaintiff's decedent to suffer substantial emotional distress, or be in fear of bodily injury.

The entire West Warwick Police Department, Warwick Police Department, Cranston Police Department, Coventry Police Department, Providence Police Department , Pawtucket Police Department, Smithfield Police Department, Rhode Island State Police, including but not limited to other jurisdictions in Rhode Island, Attelboro Police Department, Walpole Police Department, Braintree Police Department, Randolph Police Department,

Massachusetts State Police, Connecticut, Florida, Georgia, throughout the entire United

States wherever Plaintiffs travel have all aided and abetted with the United States

Government – United States Intelligence Agencies, Federal Bureau of investigation to

stalk, harass, surveillance, target, Ambush Plaintiffs, Kidnap Plaintiff Lori A. Zarlenga, and

carry out Orders from the Federal Government to assassinate Plaintiffs, hack Plaintiffs

computers, wire tap Plaintiffs land line telephones and cell phones, used family as

informants, including but not limited to doctors, judges, civilians, Sprint, Kent Water

Authority, including but not limited to, Kent County Memorial Hospital, Butler Hospital,

Rhode Island Health Department, Governor Gina Raemondo, among other governors of

Rhode Island, and other states, U.S. Senators, politicians, R.I. Attorney General, United

States Attorney General, Department of Justice, Plaintiff Victoria A. Zarlenga's doctors Dr.

Daniel Levine, Dr. Richard Scott, Plaintiffs Lawyers, Neighbors, family, and/or anyone

that Plaintiffs have contact with on an ongoing basis. Defendants  willfully, maliciously

and repeatedly stalking Plaintiffs with the intent to place Plaintiffs in reasonable fear of
bodily injury and assassination.

 On December 14, 2019, Plaintiff and Plaintiff decedent were Ambushed by the West

Warwick Police. While Plaintiff and Plaintiff decedent were traveling on their way home, a

West Warwick Police vehicle was waiting on the side of the road. As soon as Plaintiff

passed the West Warwick Police vehicle, the West Warwick Police vehicle made a fast

u-turn and began to chase Plaintiff and Plaintiff decedent in Plaintiff decedent's vehicle

with the police siren lights on.  Plaintiff Lori Zarlenga was able to get away onto a side

street. Shortly after Plaintiff turned into a side street, two West Warwick Police vehicles

turned their search lights on Plaintiff decedent's vehicle. Shortly, after Plaintiff turned

into the side street, Plaintiff and Plaintiff decedent began to return home. However, as

Plaintiff was about to take a turn to return home, a West Warwick Police vehicle was

waiting for Plaintiff to make the turn to get behind Plaintiff decedent's vehicle. At that

point, Plaintiff and Plaintiff decedent mutually agreed to not return home to protect each

other from the West Warwick Police Ambush.

On December 16, 2019, two (2) days after Plaintiff and Plaintiff decedent were Ambushed

by the West Warwick Police on December 14, 2019, Plaintiff decedent's cardiologist of

four (4) years , Dr. Daniel Levine from the Cardiovascular Institute in East Providence and

East Greenwich, R.I., who was named "Top Doctor" in R.I. Monthly Magazine increased

Plaintiff decedent's Lisinopril medication from 2.5mg to 10mg without Plaintiff decedent's

consent and without an examination of Plaintiff decedent that would have caused

Plaintiff decedent to go unconscious and die. Also, on December 16, 2019, Dr. Daniel

Levine changed Plaintiff decedent's prescription of Warfarin that could have caused

Plaintiff decedent to stroke without Plaintiff decedent's consent and without and

examination of Plaintiff decedent. Dr. Daniel Levine's nurse Maryanne Fritz stated to

Plaintiff Lori Zarlenga that Dr. Daniel Levine sent her an email in which he, Dr. Danial

Levine admitted that he made a serious mistake prescribing 10mg of Lisinopril to Plaintiff

decedent. Dr. Daniel Levine conspired with Law Enforcment -FBI to assassinate Plaintiff

decedent because Plaintiff decedent was a witness to the December 14, 2019 Ambush,

the kidnapping of Plaintiff, the unlawful acts of defendants and to cripple Plaintiff's

assets and financial support. The defendants stood to gain from the death of Plaintiff
decedent.

Dr. Levine was used as a political assassin by Law Enforcement to Assassinate Plaintiff

decedent Victoria Zarlenga.

 The reason Plaintiff and Plaintiff decedent were Ambushed by the West Warwick Police

on December 14, 2019 was because Plaintiff filed a Petition for Writ of Certiorari in the

United States Supreme Court on October 25, 2019, (Lori Zarlenga v. Rhode Island

Department of Behavioral Healthcare, Developmental Disabilities and Hospitals,

Case No. 19-6451) See Petition for Writ of Certiorari Plaintiff filed Pro Se in

the U.S. Supreme Court on October 25, 2019), which exposed corruption, political

abuse of psychiatry, crimes against humanity, committed by Federal, State, and Local Law

Enforcement, United States Government, including but not limited to Butler Hospital,

Kent County Memorial Hospital, R.I. District Court -Mental Health Court, R.I. Supreme

Court, lawyers, Mental Health Advocate.  The United States Government ordered the

West Warwick Police to Ambush Plaintiff and her Mother before Plaintiff's Petition for

Writ of Certiorari was to be heard by the justices of the United States Supreme Court on

January 10, 2020.

 In January 2020, Law Enforcement issued a fraudulent "Silver Alert" to capture Plaintiff

and Plaintiff decedent to harm them. On January 31, 2020, the Rhode Island State Police

followed Plaintiff decedent's vehicle on the highway and then put their siren lights on to

stop Plaintiff decedent's vehicle. Plaintiff Lori Zarlenga was driving and her Mother

Victoria  was a passenger. The Rhode Island State Police forced  Plaintiff decedent to Kent

County Memorial Hospital by fire rescue. Kent County Memorial Hospital conspired with
Federal, State, and Local Law Enforcement- the FBI-United States Government to
assassinate Plaintiff decedent.

On February 2020, West Warwick Police Officer Justin Lake conspired with the FBI to

Emergency Certify Plaintiff to Butler Hospital while Plaintiff's Mother was hospitalized at

Kent County Hospital.   West Warwick Police Officer Justin Lake coerced the clinician to

Emergency Certify Plaintiff despite the clinicians refusal to Emergency Certify Plaintiff Lori

Zarlenga. West Warwick Police Officer Justin Lake tried to influence Plaintiff's son into

making false statements about Plaintiff in order to Emergency Certify Plaintiff.

West Warwick Police Officer Justin Lake was obsessed with asking Plaintiffs son if there

was a back door to enter the house for reasons to assassinate Plaintiff. At some point,

West Warwick Police Officer Justin Lake and the clinician left the residence of Plaintiff's,

since the clinician insisted that she would not Emergency Certify Plaintiff. The clinician

found no valid reason to Emergency Certify Plaintiff.  The clinician appeared nervous

because  West Warwick Police Officer Justin Lake was forcing her into an unlawful

position.

On February 3, 2020, West Warwick Police Officer Brian Brothers Ambushed Plaintiff at

her home with Heather Segar violently banging on the doors and windows of Plaintiff's

home to stop Plaintiff from making a complaint over the phone to the Rhode Island

Health Department in which Plaintiff reported that Kent County Hospital was trying to kill

Plaintiff decedent who developed severe headaches and severe neck pain after Kent

County Memorial Hospital administered vitamin k intravenously which are symptoms of

stroke. Plaintiff also reported to the R.I. Health Department that Kent County Nursing

Supervisor Sue Scott including but not limited to Kent County Hospital Security lied to

Plaintiff that her Mother requested to not have Plaintiff on the list of visitors, when in fact

Plaintiff's Mother requested to see Plaintiff. Kent County Hospital conspired with the FBI

to keep Plaintiff away from her Mother, so that Plaintiff would not be a witness to the

assassination of her Mother. After Plaintiff made her Complaint over the phone to the R.I.

Health Department regarding Kent County Memorial Hospital conspiring with Federal,

State, and Local Law Enforcement and reporting that the West Warwick Police were

violently banging on the doors and windows of Plaintiffs home, West Warwick Police

Officer Brian Brothers and Providence Center Clinician Heather Segar left the property of

Plaintiffs home. The day after Plaintiff reported to the Rhode Island Department of

Health that the nurses and doctors were conspiring with Federal, State, and Local Law

Enforcement to assassinate Plaintiff's Mother, Kent County Hospital discharged Plaintiff

decedent.

On February 4, 2020 the West Warwick Police Officer Brian Brothers and another West

Warwick Police Officer Ambushed Plaintiff at her home . The West Warwick Police

conspired with Federal, and State Law Enforcement – the FBI – United  Government to

use Plaintiff's Mother's discharge from Kent County Memorial Hospital to lure Plaintiff

home to meet her Mother who was being transported from Kent County Hospital to

Plaintiffs home to capture Plaintiff Lori Zarlenga and force her into an ambulance and

then transported to Butler Hospital on February 4, 2020.

 Butler Hospital conspired with Federal, State, and Local Law Enforcement the FBI to

harm Plaintiff by using third shift Butler Hospital medicine nurse John to unlawfully inject

Plaintiff's ear without Plaintiff's consent and without a Court Order, and without an

emergency on the River view Unit Room 10 B on February 22, 2020.


 On February 26, 2020, Plaintiff reported to the R.I. Health Department that Butler

Hospital was conspiring with Federal, State, and Local Law Enforcement-the FBI- United

States Government to harm Plaintiff. The Butler Hospital nursing staff pulled the

telephone plug out of the phone to stop Plaintiff from reporting the unlawful to the

Rhode Island Health Department. On February 27, 2020, Dr. James Sullivan Butler

Hospital Vice President, Chief Medical Officer, and Chief of Psychiatry showed up

unannounced to meet with Plaintiff at approximately 10:00 AM on the River View Unit at

Butler Hospital to tell Plaintiff that a decision was made on February 27, 2020 to

discharge Plaintiff from Butler Hospital. Dr. James Sullivan immediately discharged

Plaintiff after she reported to Department of Health regarding the unlawful injections to

insulate themselves from their criminal actions. Dr. James Sullivan stated to Plaintiff Lori

Zarlenga that he withheld evidence from Plaintiff and the Mental Health Court that he

received from the Attorney General that would have proven that Plaintiff was not a

danger to herself or others.  Dr. Patrick Schule withdrew his Petition for Civil Court

Certification and Petition for Instructions immediately after she reported to Department

of Health regarding the unlawful injections to insulate themselves from their criminal

actions. Plaintiff states that a forensic expert, among other experts will be called to

identify the unlawful injections contained in Plaintiff's photographic evidence. Also,

Plaintiff has photographic evidence of the injuries she received from the kidnapping

committed by Law Enforcement.

On April 2, 2020, Plaintiff filed an Appeal in the R.I. Supreme Court that exposes R.I District Court,Mental Health Court, R.I Supreme Court, United States Supreme Court, including but not limited to Butler Hospital, Kent County Hospital conspiring with Federal, State, Local Law Enforcement -FBI-United States Government to harm Plaintiff and Plaintiff decedent.

 On April 17, 2020, the West Warwick Police Ambushed Plaintiff and Plaintiff decedent at their home. The West Warwick police were violently banging on the doors to harm Plaintiff and Plaintiff decedent. On April 17, 2020, Attorney Kenneth Schreiber who represented Plaintiff and Plaintiff decedent, conspired with Federal, State, and Local Law Enforcement - the FBI-United States Government to call the West Warwick Police and send two (2) 911 West Warwick Police vehicles  to Plaintiffs home under the guise of a Wellness Check, which was just another attempt to harm Plaintiff and Plaintiff decedent before Plaintiff's appeal was heard on the merits by the justices of the R.I. Supreme Court. This was not the first time the West Warwick Police have come out to our home for a bogus Wellness Check. Wellness checks are used to target political dissidents. One way the police get around the Fourth Amendment, which requires a warrant to enter a home, is by calling their search and seizure of a person a Wellness Check, or arguing it was part of their community care taking function.

On April 18, 2020, Plaintiff contacted Sgt. Steven Vannini of the West Warwick Police Department who Supervised the fraudulent Wellness Check on April 17, 2020. Plaintiff asked Sgt. Vannini why were the West Warwick Police at Plaintiff's home on April 17, 2020. Sgt. Vannini became extremely nervous when he explained the reason the West Warwick Police came out to Plaintiffs home. It was quite obvious that Sgt. Vannini was frightened because he knew that the so-called Wellness Check was fraudulent and he did not want to incriminate himself.

As a result of the West Warwick Police Ambushing Plaintiff and Plaintiff decedent on April17,2020, Plaintiff and Plaintiff decedent fled out of state for their safety.

On April 21, 2020, the day after Plaintiff filed motions in the Rhode Island District Court and the Rhode Island Supreme Court to perfect Plaintiff's appeal, Attorney Schreiber conspired with the FBI to organize a plan for Attorney Schreiber to contact the police, so that the police would issue another BOLO of Plaintiff and Plaintiff's Mother while traveling in our vehicle. However, their plan failed because it was intercepted.


On March 29, 2022, Plaintiff was appointed Appellate Counsel regarding a pending Appeal in the Rhode Island Supreme Court in which the final decision will be published.

If the R.I. Supreme Court rules in Plaintiffs favor, then Plaintiff will have legal recourse against Law Enforcement, hospitals, including but not limited to doctors. Also, Plaintiff's Appeal will create case law setting a precedent for future and pending cases.  Law Enforcement are trying to assassinate Plaintiff before Plaintiff's Appeal is heard by the justices of the R.I. Supreme Court.

Plaintiff states that three (3) days after Appellate Counsel was appointed to handle Plaintiff's Appeal, Plaintiff was Ambushed, Stalked, and unlawfully stopped by a Massachusetts State Trooper on April 1, 2022 who did not turn on his body camera so that the unlawful stop would not be recorded.

On April 1, 2022, at approximately between 10:30pm and 11:00PM, Plaintiff was Ambushed by a black male Massachusetts State Police Trooper. As soon as the Massachusetts State Trooper saw Plaintiff's vehicle he began to stalk Plaintiff on Central Street Foxboro, Massachusetts for approximately two miles. After that point, the Massachusetts State Trooper began to put his siren and siren lights on to pull Plaintiff's vehicle over. After Plaintiff pulled over on 95 South the Massachusetts State Trooper began to violently bang on the passenger side of the window with such force that the window almost broke on Plaintiff's new vehicle. The Massachusetts State Trooper asked Plaintiff if she had been drinking. Plaintiff stated to the Massachusetts State Trooper that she does not drink or smoke. The Massachusetts State Police Trooper asked Plaintiff where she was coming from and where she was going. Plaintiff stated to the Massachusetts Police Trooper that she was visiting her sister in Foxboro and was on her way home to Nashua Street Providence, Rhode Island. At some point the Massachusetts State Trooper told Plaintiff to " get out of here". Plaintiff then proceeded to leave.

The Massachusetts State Trooper never gave Plaintiff a reason for the unlawful stop and did not identify his name and Badge ID number. The Massachusetts State Trooper did not issue a citation or verbal warning because there was nothing Plaintiff did wrong. Plaintiff followed the speed limit. Plaintiff drove her vehicle appropriately and normally. There was no probable cause or reasonable suspicion to unlawfully stop Plaintiff's vehicle. The Massachusetts State Trooper's demeanor was violent, arrogant, and unprofessional. The Massachusetts State Trooper did not turn on his body camera so that the unlawful stop would not be recorded. Plaintiff filed a complaint with the Massachusetts State Police on April 4, 2022 for being targeted by Massachusetts State Trooper.

On April 2, 2022, Plaintiff contacted Massachusetts State Police and spoke to Trooper Pike Badge ID# 4597.

On April 2, 2022, Trooper Pike ran Plaintiff's plate number and stated to Plaintiff that it showed that on April 1, 2022 a Trooper ran Plaintiff's plate number.

On April 3, 2022, Plaintiff contacted the Massachusetts State Police and spoke to Sgt. Michael Cherven.

On April 3, 2022, Sgt. Michael Cherven ran Plaintiff's plate number and stated to Plaintiff that he found nothing in the internal database and audio and video recordings showing that a Massachusetts State Trooper ran Plaintiff's plate on  April 1, 2022 regarding unlawful stop by a Massachusetts State Trooper.

Sgt. Michael Cherven stated to Plaintiff that he is normally the Supervisor for the State Troopers. However, on April 1, 2022, Sgt. Michael Cherven had a day off from his supervisory position with the Massachusetts State Police.

Plaintiff states that  Lieutenant Kyle J. Duarte of the Massachusetts State Police stated to Plaintiff on April 28, 2022  that he made a recommendation for Plaintiff's complaint to be further investigated regarding the unlawful stop made by a Massachusetts State Trooper on April 1, 2022 who did not turn on his body camera so that the unlawful stop would not be recorded.

Lt. Duarte's recommendation was to initiate a Troop Investigation which has been approved by a Major.   Lt. Duarte stated that Plaintiff would be contacted by the person assigned to conduct the investigation.

 The Trooper who unlawfully stopped Plaintiff  committed obstruction of justice and Lt. James Bazzinotti and Major Timothy Curtin obstructed justice by protecting the Trooper and covering up the investigation. The  investigation was corrupt and  Plaintiff requested an investigation  by the Massachusetts State Police Internal Affairs.  On September 5, 2022, Plaintiff contacted Deputy Superintendent Scott Warmington requesting that the troop investigation be forwarded to Internal Affairs. On September 6, 2022, Plaintiff was notified by the Public Response Intake Unit Division of Standards and Training that after a review of the investigation, discrepancies were discovered warranting additional investigation and that the matter was forwarded to the Office of Professional Integrity and Accountability.

Plaintiff states that the unlawful stop was Ordered by President Joseph Biden and carried out by the FBI and the Massachusetts State Police to kidnap and assassinate Plaintiff.

On April 13, 2022, within minutes of leaving Plaintiff's vehicle after listening to classical music, two Providence Police vehicles targeted Plaintiff's vehicle and put their search lights on Plaintiff's vehicle at approximately 1:20 am. The Providence Police were searching for Plaintiff inside her car. The Providence Police chose 1:20am to target Plaintiff because that was the time they expected Plaintiff to be in her vehicle. When the two Providence Police Officers saw that Plaintiff was not in her vehicle the police left together. Plaintiff states that the Providence Police was carrying out Orders issued by President Joseph Biden and the FBI  to kidnap and assassinate Plaintiff.

This is not the first time Plaintiff has been targeted by the Providence Police Department. Plaintiff has been targeted by the police, the FBI in multiple jurisdictions everywhere Plaintiff travels after she filed a Complaint in United States District Court of Rhode Island that involved the FDA-United States Government. Plaintiff filed a Complaint with the Providence Police Department.

On April 14, 2022, a Rhode Island State Trooper began to stalk Plaintiff as soon as he saw Plaintiff's vehicle in the area near the Warwick Mall. The Rhode Island State Trooper was tailgating Plaintiff's vehicle. The Rhode Island State Trooper's License plate number is sixty (60).  Plaintiff did nothing wrong. Plaintiff filed a Complaint with the Rhode Island State Police.

On April 23, 2022, a Rhode Island State Trooper began to stalk Plaintiff as soon as he saw Plaintiff's vehicle on 95 North at approximately 11:00pm – 11:30pm. Plaintiff filed a Complaint with the Rhode Island State Police.

On April 26, 2022, a Cranston Police Officer was tailgating Plaintiff's vehicle with his siren lights and siren on. The Cranston Police Officer was harassing Plaintiff. The incident took place at the intersection of New London Avenue and Sockanosset Cross Road at approximately 5:30pm-5:35PM. Plaintiff filed a Complaint with the Cranston Police Department.

On May 9, 2022, Plaintiff was stalked by a Warwick Police Officer on Bald Hill Rd. Warwick, R.I. at approximately between 8;30pm – 9:00pm. The Warwick Police Officer was driving in the opposite direction of Plaintiff's vehicle. As soon as the Warwick Police Officer saw Plaintiff's vehicle, the Warwick Police Vehicle turned around and began to stalk Plaintiff tailgating Plaintiff's vehicle. Plaintiff filed a Police report online on May 12, 2022 with the Warwick Police Department.

On August 16, 2022, at approximately 11: 30pm- 11:45pm, Plaintiff was followed and targeted by a Providence Police Officer in a police vehicle to my apartment at 150 Nashua Street Apartment 5A Providence, R.I. 02904. Within minutes of leaving my vehicle, the Police Officer put his search lights on Plaintiff.

 Massachusetts State Police and other out of State police targeted Plaintiff and Plaintiff decedent in multiple jurisdictions in which Plaintiff and Plaintiff decent traveled. Plaintiff will be submitting Affidavits detailing Law Enforcements targeting of Plaintiffs.

Plaintiff states that Foxwoods Resort Casino and Mohegan Sun Casino conspired with the FBI to ban Plaintiffs from the Casinos without any warning, so that the FBI would restrict the places Plaintiff stayed, making it easier for Law Enforcement to capture, Kidnap, and assassinate  Plaintiffs. The FBI left no stone unturned.

Facebook conspired with the FBI to ban Plaintiff Lori Zarlenga from Facebook for exposing the truth on Facebook about Plaintiff being targeted by the United States Government-FBI-Law Enforcement.

Providence Rescue Mission conspired with the FBI to ban Plaintiff Lori Zarlenga from the shelter to restrict the places Plaintiff stayed, making it easier for Law Enforcement to capture, Kidnap, and assassinate Plaintiff. Providence Rescue Mission made false statements about Plaintiff to force Plaintiff out of the Shelter. The Rhode Island Homeless Shelter has numerous complaints of abuse by the Providence Rescue Mission.


In May of 2020, Dr. Dragon Golijanin conspired with Federal, State, Local Law Enforcement- the FBI-United States Government to prescribe Bactrim, an antibiotic medication, to Plaintiff decedent for a urinary tract infection, despite warnings from the CVS pharmacist that it was dangerous for Plaintiff decedent to ingest, due to high risk of stroke. Dr. Golijanin consulted with Dr. Daniel Levine Plaintiff decedent's cardiologist with regard to high risk of stroke from ingesting Bactrim. The pharmacist recommended to the doctors other alternative antibiotics that would be safer. However, Dr. Golijanin and Dr. Levine  conspired with Federal, State, Local Law Enforcement- the FBI- United States Government to insist that Plaintiff decedent take Bacterium and not a safer alternative. Bactrim has life-threatening interactions with warfarin, especially in the elderly the serous risk of bleeding and stroke are high, See www.fda.gov  and www.ncbi.nlm.nih.gov


Shortly after Plaintiff decedent ingested Bactrim her INR level increased to over 8.0 and Plaintiff decedent stroked. Plaintiff decedent was unable to lift the left side of her body.

On May 24, 2020 Plaintiff Victoria Zarlenga died of a stroke.

The date of death on the death certificate was May 29, 2020.


The medical examiner conspired with the Federal, State, Local Law Enforcement- the FBI – United States Government to cover up the true cause of Plaintiff decedent's death.

See attached March 7, 2007 and March 14, 2014 Affidavit of Geral W. Sosbee a former Special Agent

with the Federal Bureau of Investigation (FBI) who was targeted and retaliated against by the FBI and

CIA for reporting fraud, corruption, and treasonous conduct directly to Congress, the United States

Supreme Court. The FBI and CIA committed political persecution, violations of privacy and

outrageous abuses of human rights, against ex- FBI agent Geral W. Sosbee, among other targeted

individuals like Plaintiffs and assassination against innocent American Citizens. Geral Sosbee was

threatened by the FBI to either resign or be incarcerated in a mental institution. According to

Geral Sosbee and Plaintiff all three branches of the United States Government are complicit and

covered up crimes against humanity committed by the United States Government- FBI- police and their

co-conspirators.



Lori Zarlenga cases filed in Federal Court, State Court, and the Supreme Court of the United States:

1) Petition for Writ of Certiorari filed October 25, 2019 in the United States Supreme Court CA. No 19-6451 ( veiw Petition on the U.S. Supreme Court Website under docket search by name or case number).


2) Emergency Petition for Stalking Protective Order I filed in Kent County Superior Court on May 22, 2020 Case No. KC-2020-0496 against the West Warwick Police Department

3) Product liability lawsuit filed on October 25, 1995 in the United States District Court of Rhode Island :  Blaquiere v. Showa Denko K.K., Showa Denko America, Inc. General Nutrition Centers (GNC), et al., ( C.A. N.o. l:95-629).

4) Complaint I filed against Law Enforcement, et al., on December 7, 2006 in the United States District Court of Rhode Island: Lori A. Zarlenga Blaquiere V. Edward A. Charbonea et al CA 06-534ML

Plaintiff states there are numerous other incidents of Law Enforcement

targeting Plaintiff that are not mentioned herein due to its voluminous nature.

## STATEMENT OF CLAIMS WITH REQUESTS FOR RELIEF

## COUNT 1

## 42 U.S.C. 1983

Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

The defendants, acting under color of state law deprived the Plaintiff and Plaintiff decedent of rights, privileges, or immunities secured by the Constitution or laws of the United States and of their legitimate and certain property interests through the following violations of

42 U.S.C. § 1983, including but not limited to the following: Conspiracy against rights, Conspiracy to Kidnap,  Murder, Assassinate, Wrongful death, Ambush, Stalk, Harass, Intimidate, unlawful stops, unlawful searches and seizures, surveillance, wiretap, hack computers and phones, wire fraud, computer fraud, obstruction of justice, false imprisonment, terrorization, due process, defamation, racketeering.

Defendants violated Plaintiffs First Amendment, Second Amendment, Fourth Amendment, Fifth, Ninth, including but not limited to the Fourteenth Amendment to the United States Constitution and Rhode Island Declaration of Rights.

 As a result of the violations, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs constitutional rights.   Plaintiff seeks damages and Punitive damages under 42 U.S.C. 1983.

The defendants conduct was motivated by evil motive and intent, and reckless and callous indifference to the federally protected rights of Plaintiffs.

## COUNT 2

### 42 U.S.C. 1983

### Violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendment to the United States Constitution and Article 1 Section 2, 5, 6, 21,22 of the Rhode Island Constitution

Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

Defendants violated Plaintiff and Plaintiff decedent's First Amendment rights to freely associate, do business, and pursue their chosen vocation, and also to enjoy the benefits of the Rhode Island Constitution . The defendants, acting under color of state law deprived the Plaintiff and Plaintiff decedent of rights, privileges, or immunities secured by the Constitution or laws of the United States and of their legitimate and certain property interests through the following violations of 42 U.S.C. § 1983, including but not limited to the following: Conspiracy against rights, Conspiracy to Kidnap, Murder, Assassinate, Wrongful death, Ambush, Stalk, Harass, Intimidate, unlawful stops, unlawful searches and seizures, surveillance, wiretap, hack computers and phones, wire fraud, computer fraud, obstruction of justice, false imprisonment, terrorization, due process, defamation, racketeering.

Defendants violated Plaintiffs right to petition our government for redress of grievances without retaliation secured by the First Amendment to the United States Constitution and Article 1 Section 21 of the Rhode Island Constitution. Defendant violated Plaintiffs Fifth Amendment right by depriving Plaintiffs of life, liberty, or property, without due process of law. Fifth Amendment states in part as follows: "No person shall be deprived of life, liberty, or property, without due process of law." Defendant violated Plaintiffs Ninth Amendment right. Ninth Amendment states in part as follows: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

As a result of the violations, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs constitutional rights. Plaintiff seeks damages and Punitive damages under 42 U.S.C. 1983.

The defendants conduct was motivated by evil motive and intent, and reckless and callous indifference to the federally protected rights of Plaintiffs.

## COUNT 3

## 42 U.S.C. § 1983

## Violation of the Second Amendment and

## Rhode Island Constitution Article 1 Section 22

Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

The Supreme Court has held that "the Second Amendment protects the right to keep and bear arms for the purpose of self-defense." McDonald v. City of Chicago, Ill. (2010) 130 S.Ct. 3020, 3021. Defendants deprived Plaintiff Lori Zarlenga of her right to purchase a firearm for self- protection. Plaintiff states that Defendant FBI conspired with Detective Robert Desjarlais of the North Kingstown Police Department, and the West Warwick Police Department, among others to intentionally and unlawfully violated Plaintiff's constitutional rights and deprived Plaintiff Lori Zarlenga of her right to purchase a handgun for the purpose of leaving Plaintiff unable to protect herself against Law Enforment  engaged in an ongoing criminal conspiracy to murder Plaintiff Lori Zarlenga. Despite having fully complied with all statutory requirements and procedural requirements and is legally not prohibited from owning or possessing a handgun, Defendants denied Plaintiffs application to purchase a handgun for protection. Defendants violated Plaintiff's Second Amendment Right to possess a handgun for self-defense.

As a result of the violations, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs constitutional rights.   Plaintiff seeks damages and Punitive damages under 42 U.S.C. 1983.

The defendants conduct was motivated by evil motive and intent, and reckless and callous indifference to the federally protected rights of Plaintiffs.

**COUNT 4**

**42 U.S.C. § 1983**

**Violation of the Fourth and Fourteenth Amendments**

**Violation of Article 1 Section 6 of the Rhode Island Constitution**

Unconstitutional  Search and Seizure

Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

 Defendants unlawful actions such as kidnapping, unlawful stops, including but not limited to breaking and entering Plaintiff and Plaintiff's decedents home resulting in property damage by Defendants constituted an unreasonable search and seizure under the Fourth Amendment to the United States Constitution.  The kidnapping, Ambushing, and interrogation of Plaintiff by Defendants violates the Fourth Amendment and Fourteenth Amendment to the United States Constitution.

The traffic stops was, at its inception, baseless.

 The Defendants Law Enforcement had no objectively reasonable basis to believe that Plaintiffs  had  committed any traffic offense.

The Defendants Law Enforcement pulled over Plaintiffs because Plaintiffs were being unlawfully targeted by Federal, State, and local Law Enforcement.  The traffic stop, kidnapping, ambushing, stalking was wrongful and constituted a seizure.

At all times relevant hereto, Plaintiffs had a right clearly established under the Fourth Amendment to the United States Constitution and enforceable against the States through the Due Process Clause of the Fourteenth Amendment to be free from unreasonable searches and seizures. The seizure of Plaintiffs while driving violated these rights.

At times relevant hereto, Plaintiffs had a right clearly established under Article 1 Section 6 of the Rhode Island Constitution to be free from unreasonable searches and seizures. The seizure of Plaintiffs while driving violated these rights.

Law Enforcement stopping of Plaintiffs vehicle was an unreasonable seizure.

The Defendants Law Enforcement acted with sufficient malice for punitive damages to issue under Rhode Island law. The Defendants Law Enforcment acted with actual malice in the decision to pull over Plaintiffs, the vehicular stop was motivated by an improper motive, i.e., unlawful targeting of Plaintiffs by Federal, State, and Local Law Enforcement. Orders have been issued to kidnap and assassinate Plaintiffs by the United States Government under the Presidents George W. Bush administration Barack Obama administration, Trump administration, and continue to this day under the Joseph Biden administration.

Coextensively, in addition and/or in the alternative, The Defendants Law Enforcement acted with sufficient state of mind for punitive damages to issue under 42 U.S.C. § 1983. The Defendants Law Enforcment acted with evil motive or intent or reckless or callous indifference to Plaintiffs federally protected rights.

The Defendants Law Enforcement, who stopped and seized Plaintiffs while acting under color of Rhode Island law, violated Plaintiffs rights under the Fourth Amendment to the U.S. Constitution and is liable to Plaintiffs under 42 U.S.C. § 1983, and violated Article 1 Section 6 of the Rhode Island Constitution and is denied governmental immunity and is, additionally, liable to Plaintiffs under Rhode Island common law.

Plaintiff and Plaintiff decedent suffered damages, including economic and non-economic injuries as a consequence of these violations.

Plaintiffs seek Damages Against Federal Officers for Illegal Search and Seizure.  The Fourth Amendment, made applicable to the states through the Fourteenth Amendment, provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV; Soldal v. Cook Cnty., Ill., 506 U.S. 56, 61 (1992).

## COUNT 5

### Civil Conspiracy under 42 U.S.C. 1983 and 1985

### Violations under the Fourteenth Amendment to the United State Constitution

### Equal Protection

Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

As described more fully above, Defendants, all while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, denied Plaintiff equal protection of the law in violation of Plaintiff and Plaintiff decedent's constitutional rights. Plaintiff and Plaintiff decedent were singled out and targeted by the police- FBI – the United States Government for reasons stated herein.

 These Defendants actively participated in, or personally caused, unlawful  misconduct  stated herein.

The actions of Defendants  were performed under color of state law, and violated Plaintiff and Plaintiff decedents rights under the Fourteenth Amendment to the United States Constitution and Article 1 Section 2 of the Rhode Island Constitution.

All persons born or naturalized in the United States, and subject to the jurisdiction therof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Defendants conspired to deprive Plaintiffs of equal protection of the laws and committed an act in furtherance of the conspiracy.

Defendants FBI – The United States Government and their co-conspirators are engaged in an ongoing criminal conspiracy to assassinate Plaintiff Lori Zarlenga and succeeded in the assassination of Victoria Zarlenga.

The defendants, Federal, State, and, Local Law Enforcement and their co-conpirators acting under color of state law deprived the Plaintiff and Plaintiff decedent of rights, privileges, or immunities secured by the Constitution or laws of the United States and of their legitimate and certain property interests through the following violations of  42 U.S.C. § 1983, including but not limited to the following: Conspiracy against rights, Conspiracy to Kidnap,  Murder, Assassinate, Wrongful death, Ambush, Stalk, Harass, Intimidate, unlawful stops, unlawful searches and seizures, surveillance, wiretap, hack computers and phones, wire fraud,  obstruction of justice, false imprisonment, terrorization, due process, defamation, racketeering.

The intentional unlawful acts  by Defendants against Plaintiff and Plaintiff decedent were the direct and proximate cause of serious and ongoing physical and psychological injuries to Plaintiff and Plaintiff decedent..

Under the Color of Law, the Federal Bureau of Investigation, (FBI) State, and Local police conspired to violate the rights of Lori Ann Zarlenga and Victoria Ann Zarlenga and then covered it up.

Under the Color of Law, the FBI, State and Local police conspired to kidnap and Assassinate  Lori Zarlenga and her Mother Victoria Zarlenga.

In an extensive conspiracy, The FBI supervised a nationwide effort to destroy Ms. Zarlenga and her Mother Victoria Zarlenga.

Under the Color of Law, the FBI, State, and Local police conspired with Lori Zarlenga Psychiatrists, Clinicians, including but not limited to social workers to violate her rights by falsely imprisoning Ms. Zarlenga to Mental Institutions to discredit and neutralize the Plaintiff and hide the atrocities of the FBI and the police and their co-conspirators.

Under the Color of Law the FBI, State, and Local police conspired with Victoria Zarlenga's medical doctors, to violate her rights and cause wrongful death.

The FBI, State, and Local police used Ms. Zarlenga's doctors as political assassins to assassinate Plaintiff and concealed the truth from the public.

As a result of the violations, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs constitutional rights.   Plaintiff seeks damages and Punitive damages under 42 U.S.C. 1983.

The defendants conduct was motivated by evil motive and intent, and reckless and callous indifference to the federally protected rights of Plaintiffs.

## COUNT 6

### 42 U.S.C. 1983 – RICO-18 U.S.C. 1117; 18 U.S.C. 1201
### Conspiracy to Murder and Kidnap

Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

18 U.S.C. § 1201(c) makes it a felony to conspire to kidnap or abduct any person and hold that person for ransom, reward, or otherwise, where the kidnapper or the victim crosses a state

boundary, or a means of interstate commerce (such as a cellular telephone or the internet) is used in committing, or in furtherance of, the offense.

18 U.S.C.1117 Conspiracy to murder,  makes it a felony if two or more persons conspire to violate section 1111, 1114, 1116, or 1119 of this title, and one or more of such persons do any overt act to effect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life.

Defendants violated Plaintiff and Plaintiff decedents rights and committed felonies of kidnapping, murder, including but not limited to assassination and the wrongful death of Victoria Zarlenga.

As a result of the violations, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs constitutional rights.   Plaintiff seeks damages, treble damages, and Punitive damages under 42 U.S.C. 1983.  The defendants conduct was motivated by evil motive and intent, and reckless and callous indifference to the federally protected rights of Plaintiffs.


## COUNT 7

## COMMITTING ACTS Of TERRORISM IN VIOLATION OF 18. U.S.C. § 2331

Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.  Defendants' acts of kidnapping, assassination, stalking, including but not limited to ambushing, harassment, false imprisonment, coercion are ―a criminal violation if committed within the jurisdiction of the United States or of any State‖ and ―appear to be intended to intimidate or coerce a civilian population . . . to influence the policy of a government by intimidation or coercion or to affect the conduct of a government by mass destruction‖ within the meaning of 18 U.S.C. § 2331.

Defendant's acts were dangerous to human life, by their nature and as evidenced by their consequences that have caused injuries to the Plaintiffs.  Defendants' acts either occurred primarily within the territorial jurisdiction of the United States . Accordingly, the Defendants' acts constitute acts of  terrorism as defined by 18 U.S.C. §§ 2331.

Defendants knowingly provided substantial assistance to acts of  terrorism and accordingly, its acts constitute aiding and abetting acts of  terrorism.  Defendants also agreed to combine with other persons to act unlawfully in the manner set forth above and committed overt acts in furtherance of the conspiracy.  At all relevant times, Defendants knew of the conspiracy and knew, and knows, in particular, of the unlawful acts in furtherance of that conspiracy. The acts of terrorism by the Defendants set forth herein are extreme and outrageous and were committed with the knowledge of and intention to cause extreme physical pain and suffering to Plaintiffs  and extreme emotional distress to Plaintiffs due to the terrorism acts stated herein committed by Defendants.  Throughout the period in which Defendants committed terrorism acts the Defendants knew or recklessly disregarded the fact that those activities have substantially assisted and encouraged dangerous and criminal acts set forth herein.  For the reasons set forth above, Defendants are civilly liable for damages to plaintiffs for injuries to their person, property or business by reason of the acts of  terrorism pursuant to 18 U.S.C. § 2331 or any other applicable statute.

As a result of the violations, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs constitutional rights.   Plaintiff seeks damages and Punitive damages.

The defendants conduct was motivated by evil motive and intent, and reckless and callous indifference to the federally protected rights of Plaintiffs.

## COUNT  8

### 42 U.S.C. § 1983-

#### Due Process

 Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

 As described more fully above, all of the Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, deprived Plaintiff of her constitutional right to a fair trial. In the manner described more fully above, the Defendants deliberately withheld exculpatory evidence, as well as fabricated false reports and other evidence, thereby misleading and misdirecting the hearings on the merits of Petitions for Civil Court Certification and Petitions for Instruction. Absent this misconduct, the said petitions of Plaintiff could not and would not have been pursued.  The Defendants misconduct also directly resulted in the unjust false Imprisonment of Plaintiff, thereby denying her of her constitutional right to a fair trial, and a fair appeal thereof, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article 1 Section 2 of the  Rhode Island Constitution. As a result of this violation of her constitutional right to a fair trial, Plaintiff suffered irreparable harm, false imprisonment, forced medications upon her.

Defendants actions were performed under color of state law, and violated Plaintiffs due process rights under the Fourteenth Amendment to the United States Constitution, as well as her rights under the First Amendment to the United States Constitution and Rhode Island Declaration of Rights.

 As a direct and proximate result of Defendants unlawful actions conspiring with the Judges of the Kent County Superior Court, Rhode Island District Court- Mental Health Court, Rhode Island Supreme Court , and the United States Supreme Court, Plaintiff Lori Zarlenga was falsy imprisoned by the bad faith decisions of the Courts who were influenced by the FBI -the United States Government.  The

conduct of Defendants was willful and exhibited a flagrant disregard for Plaintiff's federally and State secured rights. Accordingly, the defendants are liable to Plaintiff under 42 U.S.C. ' 1983.

As a result of the violations, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs constitutional rights.   Plaintiff seeks damages and Punitive damages under 42 U.S.C. 1983.

The defendants conduct was motivated by evil motive and intent, and reckless and callous indifference to the federally protected rights of Plaintiffs.

### COUNT 9
### 42 U.S.C. § 1983

### False Imprisonment

Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

 As described more fully above, all of the Defendants, while acting individually, jointly, and in

conspiracy, as well as under color of law and within the scope of their employment, deprived Plaintiff

of her constitutional right to a fair trial.  In the manner described more fully above, the Defendants

deliberately withheld exculpatory evidence, as well as fabricated false reports and other evidence,

thereby misleading and misdirecting the hearings on the merits of Petitions for Civil Court Certification

and Petitions for Instruction. Absent this misconduct, the said petitions of Plaintiff could not and would

not have been pursued.  The Defendants misconduct also directly resulted in the unjust false

Imprisonment of Plaintiff, thereby denying her of her constitutional right to a fair trial, and a fair appeal

thereof, in violation of the Due Process Clause of the Fourteenth Amendment to the United States

Constitution. As a result of this violation of her constitutional right to a fair trial, Plaintiff suffered

irreparable harm, false imprisonment, forced medications upon her.

Defendants actions were performed under color of state law, and violated Plaintiff's due process rights

under the Fourteenth Amendment to the United States Constitution, as well as her rights under the First

Amendment to the United States Constitution and Rhode Island Declaration of Rights

 As a direct and proximate result of Defendants unlawful actions conspiring with the Judges of the Kent County Superior Court, Rhode Island District Court- Mental Health Court, Rhode Island Supreme

Court , and the United States Supreme Court, Plaintiff Lori Zarlenga was falsy imprisoned by the bad

faith decisions of the Courts who were influenced by the FBI -the United States Government.  The

conduct of Defendants was willful and exhibited a flagrant disregard for Plaintiff's federally and State

secured rights. Accordingly, this defendant is liable to Plaintiff under 42 U.S.C. ' 1983.

As a result of the violations, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs constitutional rights.   Plaintiff seeks damages and Punitive damages under 42 U.S.C. 1983.
The defendants conduct was motivated by evil motive and intent, and reckless and callous indifference to the federally protected rights of Plaintiffs.


## COUNT 10

### Section 1985(3)
### Conspiracy to Deprive Constitutional Rights

 Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.  As described more

fully above, each of the Defendants conspired, directly or indirectly, for the purpose of depriving

Plaintiff of Equal Protection of the law.  In so doing, Defendants took actions in furtherance of this

conspiracy, causing injury to Plaintiffs. The misconduct described in this Count was undertaken with

malice, willfulness, and reckless indifference to the rights of others.

Plaintiff and Plaintiff decedent were singled out and targeted by the police- FBI – the

United States Government. These Defendants actively participated in, or personally caused,

unlawful  misconduct stated herein.

Defendants FBI – The United States Government and their co-conspirators are engaged in an ongoing criminal conspiracy to assassinate Plaintiff Lori Zarlenga and succeeded in the assassination of Victoria Zarlenga.

The defendants, Federal, State, and, Local Law Enforcement and their co-conpirators acting under color of state law deprived the Plaintiff and Plaintiff decedent of rights, privileges, or immunities secured by the Constitution or laws of the United States and of their legitimate and certain property interests through the following violations of  42 U.S.C. § 1983, Section 1985(3) including but not limited to the following: Conspiracy against rights, Conspiracy to Kidnap,  Murder, Assassinate, Wrongful death, Ambush, Stalk, Harass, Intimidate, unlawful stops, surveillance, wirtapp, hack computers and phones, wire fraud, computer fraud  obstruction of justice, false imprisonment, terrorization, due process, defamation, racketeering.

The intentional unlawful acts  by Defendants against Plaintiff and Plaintiff decedent were the direct and proximate cause of serious and ongoing physical and psychological injuries to Plaintiff and Plaintiff decedent..

As a result of the violations, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs constitutional rights.   Plaintiff seeks damages and Punitive damages.

The defendants conduct was motivated by evil motive and intent, and reckless and callous indifference to the federally protected rights of Plaintiffs.

## COUNT 11

### Section 42 U.S.C. 1983

### Denial of Access to Courts

Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.  In the  manner described more fully herein, each of the Defendants, all while acting individually, jointly, and in conspiracy, denied Plaintiff the right to access to courts by their wrongful suppression and destruction of information and evidence which deprived Plaintiff of constitutional claims against potential Defendants.  Other claims were diminished by the passage of years, and the accompanying erosion of evidence necessary to prove these claims against those Defendants.  The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.
As a result of the violations, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs constitutional rights.   Plaintiff seeks damages and Punitive damages.
The defendants conduct was motivated by evil motive and intent, and reckless and callous indifference to the federally protected rights of Plaintiffs.

## COUNT 12

### 42 U.S.C. § 1983
### Failure to Intervene

Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.  In the manner described above, during the constitutional violations described above, one or more of the Defendants (and other as-yet-unknown Police Officers) stood by without intervening to prevent the misconduct. As a result of the Defendant Officers' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress. These Defendants had a reasonable opportunity to prevent this harm, but failed to do so.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.  As a result of the violations, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs constitutional rights.   Plaintiff seeks damages and Punitive damages. The defendants conduct was motivated by evil motive and intent, and reckless and callous indifference to the federally protected rights of Plaintiffs.

## COUNT 13

### OBSTRUCTION OF JUSTICE

Obstruction of justice is defined by federal statute as an act that:

"...corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice."

There are basically three categories of obstructing justice that Defendants violated described herein:

1. **Interference with judicial processes and court proceedings by**

Attempting to influence, threaten, intimidate, or impede a juror, grand jury, court officer, judge, or magistrate (18 U.S.C. section 1503)

Stealing, falsifying, or in other ways tampering with the proceedings of any court in the U.S. so that a judgment is reversed, made void, or fails to take effect (18 U.S.C. section 1505), or effects a false release or bail (18 U.S.C. section 1506)

Tampering with (18 U.S.C. section 1512) or retaliating against a witness, victim, or an informant in a trial or legal proceeding (18 U.S.C. section 1513), including killing or attempting to kill in order to prevent evidence from being shared.

Using threats or force to prevent, or obstruct, or interfere with the performance of a court order (18 U.S.C. section 1509)


2. **Interference with law enforcement and investigation of a crime by:**

Obstructing a pending investigation by Congress, a committee of either House, a federal administrative agency, or a federal department (18 U.S.C. section 1505).

Obstructing a criminal investigation by bribery, or for a financial institution officer to notify a customer of the contents of a subpoena (18 U.S.C. section 1510)

**3. Destruction or concealment of evidence through:**

Falsifying records in federal investigations and in bankruptcy cases (18 U.S.C. section 1519) or destroying corporate audit records (18 U.S.C. section 1520)

Threats, physical force, or assault

Tampering with evidence: concealing, destroying, altering, or falsifying documents and written and oral testimony.

False statements meant to mislead investigators by intentionally omitting relevant information, concealing material facts, creating a false impression, knowingly submitting or inviting reliance on physical evidence that is false, forged, or altered.

Abuse of power to prevent or obstruct compliance by others with an investigator or judicial proceeding.

As a result of the violations, Plaintiff suffered injuries, including

but not limited to emotional distress, as is more fully alleged above.  The misconduct described in

this Count was objectively unreasonable and was undertaken intentionally with willful

indifference to Plaintiffs constitutional rights.   Plaintiff seeks damages and Punitive damages.

The defendants conduct was motivated by evil motive and intent, and reckless and callous indifference to the federally protected rights of Plaintiffs.

**COUNT 14**

**State Law Claim**
**Respondeat Superior**

 Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.  In committing the

acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents

of, the Police Departments acting at all relevant times within the scope of employment and under color

of law.   Defendants are liable as principal for all torts committed by its agents.

**COUNT 15**

**Wrongful Death and Survival Action- RICO -42 U.S.C. § 1983**

Plaintiffs incorporates by reference all prior allegations contained in this Complaint.

Defendants caused the death of Decedent. Defendants Assassinated Plaintiff decedent

Victoria Zarlenga willfully and wrongfully, with oppression and malice.

That as a result of the intentional harm and/or wrongful actions of Defendants ,

the decedent Victoria Zarlenga suffered conscious pain and suffering, physical

injuries, other damages, and death.

That Defendants intentionally with wanton disregard for the health of Plaintiff

decedent and breached their duty of care.

That the conscious pain and suffering, physical injuries, other damages, and

death suffered by the late Victoria Zarlenga was proximately and directly

caused by the intentional wrongful acts of Defendants Dr. Dragon Golijanin and

Dr. Daniel Levine by conspiring with United States Government-FBI to

assassinate Plaintiff decedent.

The wrongful death of Plaintiff decedent is directly caused by a drug interaction

of bactrim and warfarin prescribed by Dr. Dragan Golijanin and Dr. Daniel

Levine which raised Plaintiff decedent's INR blood level to over 8.0 and caused

Plaintiff decedent Victoria Zarlenga to stroke.

Defendants beached their duty of care owed to Plaintiff decedent.

 Defendants Law Enforcement- FBI – the United States Government

conspired with Plaintiff decedents doctors to cause Plaintiff decedent's

 INR level to not stay within her therapeutic range of 2.5, so that the

 Defendants could achieve their unlawful objective which was to cause the

 death of Victoria Zarlenga.

   As a consequence of Decedent's death, her daughter Lori Zarlenga suffered pain,

   grief, sorrow, anguish, stress, shock, and mental suffering already experienced and

   reasonably probable to be experienced for the rest of her life.

As a further consequence of Decedent's death caused by Defendants, Plaintiff incurred expenses for funeral and burial, medical care and services for the injury that resulted in death, lost wages, loss of earning capacity, and counseling for her .

As a further consequence of Decedent's death caused by Defendants, Plaintiff has incurred the loss of love, affection, companionship, care, protection, and guidance since the death and in the future.

This paragraph pertains to the Survival Action damages of Plaintiff the estate of Victoria Zarlenga pursuant to Rhode Island General Law 9-1-6 (2012) which provides that damages recoverable under the Survival Action include the loss or damage that decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived.

 By reason of the wrongful conduct of Defendants, Plaintiff decedent, suffered conscious pain, suffering, severe emotional distress and death, and have suffered pecuniary and economic damage, and other mental and physical injuries.

As a result of the Wrongful Death of Victoria Zarlenga, Plaintiffs suffered injuries, including but not limited to emotional distress, as is more fully alleged above.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs constitutional rights.   Plaintiff seeks damages and Punitive damages. The defendants conduct was motivated by evil motive and intent, and reckless and callous indifference to the federally protected rights of Plaintiffs.

## COUNT 16

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein. Defendants unlawful acts were willful malicious, deliberate, or were done with reckless indifference to the likelihood that such behavior would cause severe emotional distress and with utter disregard for the consequences of such actions.  The acts of terrorism set forth herein were committed with the knowledge of and intention to cause extreme physical pain and suffering and extreme emotional distress to the Plaintiffs who were injured by reason of those acts, or were done with reckless indifference to the likelihood that such behavior would cause such severe emotional distress and with utter disregard for the consequences of such actions. Defendants' conduct was unreasonable and outrageous and exceeds the bounds usually tolerated by decent society, and was done willfully, maliciously and deliberately, or with reckless indifference, to cause Plaintiffs severe mental and emotional pain, distress, and anguish and loss of enjoyment of life.  As a direct, foreseeable and proximate result of the conduct of Defendant as alleged here in above, plaintiffs have suffered damages in amounts to be proven at trial.  Defendants' undertook their actions willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct, foreseeable, and proximate result thereof plaintiffs suffered economic and emotional damage in a total amount to be proven at trial, therefore plaintiffs seeks punitive damages in an amount sufficient to deter Defendants and others from similar future wrongful conduct.

## COUNT 17

### Indemnification

Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

Rhode Island law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

The Defendant Officers are or were employees of the Police Departments, who acted within the scope of their employment in committing the misconduct described herein.

## COUNT 18

### Defamation

The defendants  willfully and maliciously made defamatory statements about Plaintiff. Many of those statements are published in Police Records, Court Records, Medical Records, and National Database and remain published today. Such statements were false, without privilege, and were published both orally and in writing by Defendants.  As a direct and proximate result of Defendants' libelous and slanderous statements made and/or published about Plaintiff, Plaintiff has suffered personal injury, including injury and damage to her reputation for which she is seeking compensation in an amount to be proven at trial.

## COUNT 19

## VIOLATIONS OF COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030(A))

Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts as though set forth fully herein.

Plaintiffs computers are protected under 18 U.S.C. 1030 (e) (2).

Defendants knowingly and intentionally hacked Plaintiffs computers without authorization, and thereby obtained and used valuable information from those computers in violation of 18 U.S.C. § 1030(a)(2)(C) .

Defendants violated Plaintiffs right to privacy by hacking Plaintiffs computers and wiretapping Plaintiffs phones.

The information was used to target, including but not limited surveillance Plaintiffs.

This information was confidential and privileged and caused irreparable harm to Plaintiffs, including but not limited to Plaintiffs pending Court cases.

The FBI stonewalled the investigation into the hacking of Plaintiffs computers.

Plaintiff has proof of the hacking of Plaintiffs computers.

Defendants intentionally hacked Plaintiffs Computers,  and as a result of such conduct, caused damage and loss of Plaintiffs Computers.

The Plaintiffs suffered damage and loss as a consequence of Defendants actions, including but not limited to the cost of investigating and abuse of their computer networks, conducting damage assessments, restoring and replacing computers and data, programs, systems, or information, and the harm to the Plaintiffs business and Court Cases . The Plaintiffs seeks compensatory and punitive and other equitable relief under 18 U.S.C. § 1030(g) or any other applicable statute.

## COUNT 20

### (Federal Civil RICO, 18 U.S.C. §§ 1962 (a) (b) (c) and (d); 18 U.S.C.1963; 18 U.S.C. §§ 1961(1)(2)(3)(4)(5))

Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

Defendants Enterprise Engaged in a Pattern of Racketeering Activity: 18 U.S.C. §§ 1961(5), 1962(b)

Defendants have committed ongoing Criminal acts described herein, that continue to date. All Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(b) (Prohibited activities).

 Defendants violated RICO and Plaintiff was injured as a result.

 Each Defendant violated 18 U.S.C. 3 1962(c) by the acts described in the prior paragraphs, and as further described below.

By the acts alleged herein, Defendants, Federal, State, and, Local Law Enforcement and their co-conspirators  conspired to commit said acts of  Conspiracy against rights, Conspiracy to Kidnap, Murder, Assassinate, Wrongful death, including but not limited to Ambush, Stalk, Harass, Intimidate, unlawful stops, unlawful search and seizure, surveillance, wiretap, hack computers and phones, wire fraud, computer fraud  obstruction of justice, false imprisonment, terrorization, due process, defamation, racketeering.

The intentional unlawful acts  by Defendants against Plaintiff and Plaintiff decedent were the direct and proximate cause of serious and ongoing physical and psychological injuries to Plaintiff and Plaintiff decedent..

Defendants have violated Plaintiffs rights, RICO statute, terrorism statute, kidnapping statute, conspiracy to commit murder, conspiracy to violate the rights of Plaintiffs and is civilly liable by reason of such acts of terrorism and racketeering. All of the Defendants have conspired and collaborated with, aided and abetted plans, actions, and efforts to kidnap and assassinate Plaintiffs.

**Defendants, George W. Bush, Barack Hussein Obama, Trump Administration, President Joseph Biden and their Relevant Acts and Conspiracy.**

A public official can be personally liable for abuse, corruption, or misuse of public office as these acts are not part of his or her official sanctioned duties.  In Defendants positions as President of the United States, the Defendants personally and willfully and knowingly ordered the kidnapping, assassination of Plaintiffs and engaged in terrorism acts described herein.

During the constitutional violations described herein, Federal. State, and Local Law Enforcement  (and other as-yet-unknown Police Officers) stood by without intervening to prevent the unlawful misconduct.

As a result of the Defendant Officers' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff and Plaintiff decedent suffered pain and injury, wrongful death, as well as emotional distress. These Defendants had a reasonable opportunity to prevent this harm, but failed to do so. The misconduct described herein was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

The terrorism acts perpetrated upon Plaintiff and Plaintiff decedent described herein have continued under President Biden's administration.

Defendants George W. Bush,  Barack Hussein Obama, Trump administration, President Joseph Biden have corruptly misused and abused their position while President of the United States and committed crimes against humanity and racketeering.

The FBI, State, and Local Law Enforcement carried out the Orders issued by the former Presidents George W. Bush, Barack Hussein Obama, Trump administration, and current President Joseph Biden to Kidnap,  Murder, Assassinate, cause Wrongful death, Ambush, Stalk, Harass, Intimidate, including but not limited to unlawful stops, unlawful searches and seizures**,** surveillance, wiretap, hack computers and phones, wire fraud, computer fraud  obstruction of justice, false imprisonment, terrorization, violation of rights, due process, defamation, racketeering.

18 U.S.C. § 1964(c) defines "racketeering activity" as follows: (1) —racketeering activity‖ means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of title 18, United States Code: Section 201 (relating to bribery), section 224 (relating to sports bribery), sections 471, 472, and 473 (relating to counterfeiting), section 659 (relating to theft from interstate shipment) if the act indictable under section 659 is felonious, section 664 (relating to embezzlement from pension and welfare funds), sections 891–894 (relating to extortionate credit transactions), section 1028 (relating to fraud and related activity in connection with identification documents), section 1029 (relating to fraud and related activity in connection with access devices), section 1084 (relating to the transmission of gambling information), section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section 1351 (relating to fraud in foreign labor contracting), section 1425 (relating to the procurement of citizenship or nationalization unlawfully), section 1426 (relating to the reproduction of naturalization or citizenship papers), section 1427 (relating to the sale of naturalization or citizenship papers), sections 1461–1465 (relating to obscene matter), section 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to the obstruction of State or local law enforcement), section 1512 (relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant), section 1542 (relating to false statement in application and use of passport), section 1543 (relating to forgery or false use of passport), section 1544 (relating to misuse of passport), section 1546 (relating to fraud and misuse of visas, permits, and other documents), sections 1581–1592 (relating to peonage, slavery, and trafficking in persons)., [1] section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to racketeering), section 1953 (relating to interstate transportation of wagering paraphernalia), section 1954 (relating to unlawful welfare fund payments), section 1955 (relating to the prohibition of illegal gambling businesses), section 1956 (relating to the laundering of monetary instruments), section 1957

(relating to engaging in monetary transactions in property derived from specified unlawful activity), section 1958 (relating to use of interstate commerce facilities in the commission of murder-for-hire), section 1960 (relating to illegal money transmitters), sections 2251, 2251A, 2252, and 2260 (relating to sexual exploitation of children), sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), sections 2314 and 2315 (relating to interstate transportation of stolen property), section 2318 (relating to trafficking in counterfeit labels for phonorecords, computer programs or computer program documentation or packaging and copies of motion pictures or other audiovisual works), section 2319 (relating to criminal infringement of a copyright), section 2319A (relating to unauthorized fixation of and trafficking in sound recordings and music videos of live musical performances), section 2320 (relating to trafficking in goods or services bearing counterfeit marks), section 2321 (relating to trafficking in certain motor vehicles or motor vehicle parts), sections 2341–2346 (relating to trafficking in contraband cigarettes), sections 2421–24 (relating to white slave traffic), sections 175–178 (relating to biological weapons), sections 229–229F (relating to chemical weapons), section 831 (relating to nuclear materials), (C) any act which is indictable under title 29, United States Code, section 186 (dealing with restrictions on payments and loans to labor organizations) or section 501 (c) (relating to embezzlement from union funds), (D) any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title), fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States, (E) any act which is indictable under the Currency and Foreign Transactions Reporting Act, (F) any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens), section 277 (relating to aiding or assisting certain aliens to enter the United States), or section 278 (relating to importation of alien for 40 immoral purpose) if the act indictable under such section of such Act was committed for the purpose of financial gain, or (G) any act that is indictable under any provision listed in section 2332b (g)(5)(B); 175.

## **The Enterprise.**

The Defendants conspired to and did, in fact, conduct the affairs of an enterprise through a pattern of racketeering activity <u>and conspiracy to commit racketeering,</u> in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). 18 U.S.C. §§ 1962 (a) (b) (c) and (d);1963. See also 18 U.S.C. Sec. 1961(4).

The racketeering activity is not required to benefit the enterprise. <u>The participants in the scheme are not required to have personally profited,</u>. *United States v. Killip*, 819 F.2d 1542, 1`549 (10th Cir. 1987.

In *Beauford v. Helmsley*, ___S. Ct. ____ (1989), the Supreme Court held that it is not necessary to prove that multiple schemes, episodes or transactions occurred in order to establish a "pattern of racketeering activity," as long as the racketeering acts were "neither isolated nor sporadic."

Several courts of appeals have upheld findings of association-in-fact enterprises that included governmental entities. *See, e.g.,* United States v. Masters, 924 F.2d 1362 (7th Cir.1991) (upholding association-in-fact enterprise consisting of lawyer, his law firm, sheriff, county sheriff's department, police chief, and municipal police department); *United States v. McDade, 28 F.3d 283 (3rd Cir.1994)* (upholding association-in-fact enterprise consisting of congressman, his two offices, and congressional subcommittees that he chaired); *United States v. Dischner, 974 F.2d 1502 (9th Cir.1992)* (upholding association-in-fact enterprise consisting of municipal officials, office of mayor, and department of public works).

A line of cases hold that any governmental agency, court, political office or the like could serve as a RICO "enterprise." United States v. Thompson, 685 F.2d 993, 999 (6th Cir. 1982) (en banc) *cert. Denied*, 459 U.S. 1072 (1983). Among the government units that have been held to be "enterprises" are offices of governors and state legislators, courts, court clerks' offices. See e.g., *United States v. Stratton*, 649 F.2d 1066, 1072-75 (5th Cir. 1981); *United States v. Clark*, 656 F.2d 1259, 1261-67 (8th Cir. 1981) Office of county judge); *United States v. Frumento*, 405 F. Supp. 23, 29-30 (E.D. Pa. 1975), *affd,* 563 F.2d 1083 (3d Cir. 1977). *cert, debued,* 434 U.S. 1072 (1978).

Decisions after Frumento expanded government activity to every conceivable government agency, court, or political office. *United States v. Thompson*, 669 F.2d 1143 (6th Cir), *revd* 685 F.2d 993 (6th Cir. 1982)(en banc), *cert. Denied,* 459 U.S. 1072 (1983).

The Defendants United States Government-FBI,  Presidents George W, Bush, Barack Hussein Obama, Trump administration, Joseph Biden in concert with the other Defendants operates now and for many years has operated continuously a criminal RICO enterprise by a continuous pattern of related felonies committing murder, attempted murder, assault, kidnapping, hostage taking, violence, threats, assault and/or battery with deadly weapons against citizens of the United States . There are other American Citizens targeted by the United States Government. Plaintiff and Plaintiff decedent are not the first to fall victim of the atrocities of the United States Government.

The Defendants United States Government - Presidents George W. Bush,  Barack Hussein Obama, Trump administration, Joseph Biden along with Federal, State, and Local Law Enforcement condoned and authorized the unlawful actions by the corrupt West Warwick Police Department, including but not limited to Warwick Police Department and other Law Enforcement jurisdictions which constitutes  Racketeering Activity and so would come under RICO LAW. The terrorism acts perpetrated upon Plaintiff and Plaintiff decedent described herein have continued under President Biden's administration.

The Defendants United States Government - Presidents George W. Bush,  Barack Hussein Obama, Trump administration, Joseph Biden along with Federal, State, and Local Law Enforcement knowingly, willfully, and unlawfully conspires to commit numerous acts of terrorism and other related criminal activity, including kidnapping, murder, attempted murder, solicitation to commit murder and numerous other acts of  terrorism activities as defined by 18 U.S.C. § 1331 and 18 U.S.C. § 1964(c).

There has been a pattern and practice of violent crimes and terrorism committed by the United States Government -Federal, State, and Local Law Enforcement in multiple jurisdictions conspiring to commit numerous acts of terrorism against Plaintiffs.

The Supreme Court considered the issue, and determined that an enterprise can be any group with members who are associated in a relationship in order to achieve a common purpose, provided the relationship lasts long enough to allow them to pursue that purpose. In the terminology of RICO law, such groups are known as "association-in-fact" enterprises.

Another common issue concerns the element requiring a pattern of racketeering activity. The RICO Act itself defines the term pattern as two or more acts of racketeering activity within a 10-year period. However, the Supreme Court has weighed in on this issue as well. According to the Court, to qualify as a pattern, the criminal activities must be related and continuous. Relatedness will be established if the crimes have similar characteristics such as the same perpetrators, victims, and methods of commission. Continuity will be established if the crimes occurred over a substantial period of time. Some courts have interpreted this to mean at least one year.

Pattern of Racketeering Activity. Defendants, each of whom are persons associated with, or employed by, the enterprise, did knowingly, willfully and unlawfully conduct or participate, directly or indirectly. in the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. 6 I96 1 (1 ), 1961 (3, and l962(c). The racketeering activity was made possible by Defendants' regular and repeated use of the facilities and services of the enterprise. Defendants had the specific intent to engage in the substantive RICO violation alleged herein.

Predicate acts of racketeering activity are acts which are indictable under provisions of the U.S. Code enumerated in 18 U.S.C. $ 1961(I)(A)(B), as more specifically alleged below. Defendants each committed at least two such acts or else aided and abetted such acts.

 The acts of racketeering were not isolated, but rather the acts of Defendants were related in that they had the same or similar purpose and result, participants, victims and method of commission. Further, the acts of racketeering by Defendants have been continuous. There was repeated conduct during a period of time and continuing to the present, and there is a continued threat of repetition of such conduct.

<u>Continuity of Conduct.</u> Defendants' violations of state and federal law as set forth herein each of which directly and proximately injured Plaintiffs described herein, constituted a continuous course of conduct spanning a period that is ongoing to present.  Therefore, said violations were a part of a pattern of racketeering activity under 18 U.S.C. 1961(l) and (5).

 Upon information and belief, Defendants have conducted and/or participated, directly and/or indirectly, in the conduct of the affairs of the alleged enterprises through a pattern of racketeering activity as defined herein in violation of 18 U.S.C. 1962(c)(D).

 The unlawful actions of Defendants, and each of them, have directly, illegally, and proximately caused and continue to cause injuries to Plaintiff . Plaintiff seeks an award for damages in compensation and punitive to be determined at trial.

 Plaintiff accordingly seeks an award of three times the damages it sustained, and the recovery of reasonable attorneys' fees and costs of investigation and litigation, as well as any other relief as authorized by statute.

A 9th Circuit federal judge has ruled that the government's anti-racketeering statute, created to deal with drug bosses and organized crime figures, can be used in lawsuits against the corrupt Los Angeles  Police Department,

See Guerrero v. Gates 442 F. 3d 697 (9th Cir. 2006). Decided March 27, 2006.

## COUNT 21

### Conduct and Participation in a RICO Enterprise through a
### Pattern of Racketeering Activity: 18 U.S.C. §§ 1961(5), 1962(c)

Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein, and specifically repeat and re-allege the allegations concerning RICO liability.  All Defendants did associate with a RICO enterprise of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate and foreign commerce.  Likewise, all Defendants did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO enterprise through a pattern of racketeering activity, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), 18 U.S.C. §§ 1961 (1) (A) (B) and 1962(c)(d).

During the ongoing racketeering, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).  Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. 1962(c) supra.

 The unlawful actions of Defendants, and each of them, have directly, illegally, and proximately caused and continue to cause injuries to Plaintiff . Plaintiff seeks an award for damages in compensation and punitive to be determined at trial.

 Plaintiff accordingly seeks an award of three times the damages it sustained, and the recovery of reasonable attorneys' fees and costs of investigation and litigation, as well as any other relief as authorized by statute.

### COUNT 22
### Conspiracy to Engage in a Pattern of Racketeering Activity:
### 18 U.S.C. §§ 1961(5), 1962(d)

Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein, and specifically repeat and re-allege the allegations concerning RICO liability. All Defendants did conspire to acquire and maintain an interest in a RICO enterprise engaged in a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(b) and (d). During the ongoing racketeering, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C. §§ 1961(1)(A) and (B), in violation of 18 U.S.C. 1962(d). Plaintiffs further allege that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of 18 U.S.C. 1962(d) (Prohibited activities supra).

The unlawful actions of Defendants, and each of them, have directly, illegally, and proximately caused and continue to cause injuries to Plaintiff . Plaintiff seeks an award for damages in compensation and punitive to be determined at trial.

Plaintiff accordingly seeks an award of three times the damages it sustained, and the recovery of reasonable attorneys' fees and costs of investigation and litigation, as well as any other relief as authorized by statute.

## COUNT 23

### VIOLATION OF 18 U.S.C. § 1962(D) BY
### CONSPIRING TO VIOLATE 18 U.S.C. § 1962(C)

Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

Section 1962(d) of RICO provides that it "shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b) or (c) of this section."

Defendants have violated section 1962(d) by conspiring to violate 18 U.S.C. § 1962(c). The object of this conspiracy has been and is to conduct or participate in, directly or indirectly, the conduct of the affairs of the section 1962(c) Enterprise described previously through a pattern of racketeering activity.

As demonstrated in detail above, Defendants' co-conspirators have engaged in numerous overt and predicate fraudulent and criminal racketeering acts in furtherance of the conspiracy described herein.

The nature of the above-described Defendants' co-conspirators' acts in furtherance of the conspiracy gives rise to an inference that they not only agreed to the objective of an 18 U.S.C. § 1962(d) violation of RICO by conspiring to violate 18 U.S.C. § 1962(c) but also were aware that their ongoing fraudulent and criminal acts have been and are part of an overall pattern of racketeering activity. At all relevant times, all Defendants and all Defendants co-conspirators were aware of the essential nature and scope of the United States Government Enterprise and intended to participate in it.

As a direct and proximate result of Defendants' overt acts and predicate acts in furtherance of violating 18 U.S.C. § 1962(d) by conspiring to violate 18 U.S.C. § 1962(c), Plaintiffs have been and are continuing to be injured in their business or property, as set forth more fully above.

The unlawful actions of Defendants, and each of them, have directly, illegally, and proximately caused and continue to cause injuries to Plaintiff . Plaintiff seeks an award for damages in compensation and punitive to be determined at trial.

Plaintiff accordingly seeks an award of three times the damages it sustained, and the recovery of reasonable attorneys' fees and costs of investigation and litigation, as well as any other relief as authorized by statute.

Defendants have sought to and have engaged in the violations of the above federal laws and the effects thereof detailed above are continuing and will continue unless injunctive relief prohibiting Defendants' illegal acts constituting a pattern of racketeering activity is fashioned and imposed by the Court.

### COUNT 24

### RICO (18 U.S.C. § 1962(C))
### (AGAINST ALL DEFENDANTS)

Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

Defendants are all "persons" within the meaning of 18 U.S.C. § 1961(3). At all relevant times, Defendants conducted the affairs of an Enterprise—which affected interstate and foreign commerce— through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c).

A. The United States Government is The Racketeering Enterprise

The United States Government under the Presidents George W. Bush administration, Barack Obama administation, Trump administration, and the Joseph Biden administration is a Racketeering Enterprise, as that term is used in 18 U.S.C. § 1961(4). The Enterprise was formed

prior to the Bush administration. The United States Government has a long history of a corrupt Racketeering enterprise targeting, kidnapping, assassinating innocent American Citizens, See former FBI agent Whistleblower stating the killing of innocent American Citizens by the FBI- U.S.

Government  https://youtu.be/8ZPsr36WLNQ  See also attached March 7, 2007 and

March 14, 2014 Affidavit of Geral W. Sosbee a former Special Agent with the Federal Bureau of

Investigation (FBI) who was targeted and retaliated against by the FBI and CIA for reporting fraud,

corruption, and treasonous conduct directly to Congress, the United States Supreme Court described

herein.

The United States Government has an ongoing organizational framework for carrying out its

objectives.  As described above, each Defendant participated in the operation or management of the

Corrupt Racketeering Enterprise.

 Because the United States Government expended millions of dollars targeting Plaintiffs, among other

innocent American Citizens, it affected interstate and foreign commerce. The Defendants surveillanced,

kidnapped, Ambushed Plaintiffs, including but not limited to the assassination of Plaintiff decedent,

hacking of Plaintiffs computers, wiretapping of Plaintiffs phones, the use of paid informants and

misuse of funding of law enforcement across the Country wherever Plaintiffs traveled on an ongoing

basis for over 20 years.

The misuse of federal, state, local funding, including but not limited to taxpayers dollars were used to

fund the corrupt Racketeering Enterprise and government agencies engaged in a conspiracy to commit

crimes such as kidnapping, murder, bribery constitutes Racketeering violations which continues to this

day. Use of law enforcement and facilities .


 Each Defendant conducted and/or participated in the affairs of the Corrupt Racketeering Enterprise

through a pattern of racketeering activity, including acts indictable under the Federal and State RICO

Statute described herein,  kidnapping; murder, computer crimes; including but not limited to wire fraud.

**B. Alternatively, And At The Very Least, The United States Government Was Part Of An Association-In-Fact Enterprise**

Alternatively, and at the very least, the United States Government was part of an Association-In-Fact Enterprise. The Association-In-Fact Enterprise was formed by 1995. From the date the Enterprise was formed until the present, the members of the Association-In-Fact Enterprise have worked together to further their mutual goal of using illegal means to surveillance, kidnapp, Ambush Plaintiffs, including but not limited to assassinate Plaintiff decedent, hacking Plaintiffs computers, wiretapping Plaintiffs phones, unlawful stops, unlawful searches and seizures described herein. The United States Government formed a racketeering enterprise long before1995. Plaintiffs are not the only victims of racketeering committed by the Defendants- United States Government – Presidents- FBI-Law Enforcement- and co-conspirators.

The Association-In-Fact Enterprise has an ongoing organizational framework for carrying out its objectives. In fact, the Association-In-Fact Enterprise could not have carried out its unlawful acts unless it had some structure for making, communicating, and carrying out the Orders of the Presidents of the United States .
As described above, each Defendant participated in the operation or management of the Association-In-Fact Enterprise.

Because the Association-In-Fact Enterprise's activities expended millions of dollars targeting Plaintiffs, among other innocent American Citizens, it affected interstate and foreign commerce.

**C. RICO Predicate Acts**

 Each Defendant conducted and/or participated in the affairs of the Association-In-Fact Enterprise through a pattern of racketeering activity, including but not limited to acts indictable under 18 U.S.C. § 1201 ( Kidnapping ); 18 U.S.C. § 1117 (Conspiracy to Murder); 18 U.S. Code 2331(Terrorism which includes kidnapping and assassination); 18 U.S.C. § 1030(A)) (Computer Fraud and Abuse Act ); 18 U.S.C. § 2511 wire tap act; 18 U.S.C. § 1503 (relating to obstruction of justice); 18 U.S.C. § 1512 relating to tampering with a witness, victim, or an informant) and 18 U.S.C. § 1961(1)(A)(B)(C)

**D. RICO Damages**

 Plaintiff has been injured in its business, earnings, Court Cases, and property by Defendants' violation of 18 U.S.C. § 1962(c), including but not limited to other RICO Statutes cited herein. Defendants caused enormous harm to Plaintiff's business, as described above, and to Plaintiff's computers and servers. All of these injuries occurred within the United States.   For the RICO violations, an award of trebled damages as consistent with 18 U.S.C. § 1964(c), compensatory and actual damages, punitive damages in an amount to be determined at trial, reasonable attorneys' fees, pre-judgment interest, post-interest, costs and an award that this Court deems just and proper. Attorney's fees and other litigation costs reasonably incurred in this action pursuant to the Racketeer Influenced and Corrupt Organizations Act. Any other relief the Court deems just or proper.

## COUNT 25

**State Civil RICO,**
**RIG.L. 1956 (1985 Reenactment) § 7-15-2(c) (Rhode Island RICO statute) and**
**RIG.L. 1956 (1981 Reenactment) § 11-1-6 (conspiracy statute).**

Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

The named individuals in Plaintiffs Complaint participated in and conspired to participate in the affairs of an enterprise through racketeering activity in violation of RIG.L. 1956 (1985 Reenactment) § 7-15-2(c) (Rhode  Island RICO statute) and RIG.L. 1956 (1981 Reenactment) § 11-1-6 (conspiracy statute).

## COUNT 26

## VIOLATIONS OF THE WIRETAP ACT (18 U.S.C. §§ 2510-22)

 Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.  Each of the above-listed defendants is a "person" within the meaning of 18 U.S.C. §§ 2510, 2511.

 In violation of 18 U.S.C. § 2511, the Defendants United States Government – FBI willfully and intentionally wire tapped Plaintiffs phones without Court approval.

 In violation of 18 U.S.C. § 2511(1)(d), the Defendants United States Government- the FBI willfully and intentionally endeavored to use and did use the contents of wire, oral, electronic communications, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of 18 U.S.C. § 2511.

Plaintiff is a "person" whose wire, oral, or electronic communications were intercepted within the meaning of 18 U.S.C. § 2520.

As a direct result of the United States Government- the FBI actions, Plaintiffs suffered irreparable harm to its business and property and is entitled to an award of the greater of the actual damages suffered or the statutory damages and injunctive relief pursuant to 18 U.S.C. § 2520(c). This harm includes, but is not limited to, harm to Plaintiffs computers and servers, invasion of privacy, harm to the Plaintiffs reputation, loss in the value of business information, and harm to business, physical harm and emotional distress as described above.

In light of the egregious nature of the Defendants United States Government– the FBI's violations, Plaintiff is entitled to punitive damages and reasonable attorneys' fees and costs pursuant to 18 U.S.C. §§ 2520(b)(2) & (3).

Each of the Defendants knew or recklessly disregarded the fact that their activities alleged above have substantially assisted and encouraged dangerous and criminal acts set forth herein.

## COUNT 27

### CIVIL LIABILITY FOR CRIMES AND OFFENSES

Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts above as though set forth fully herein.

Plaintiffs have alleged that Defendants actions or omissions constitute the commission of a crime or offense, and, therefore, Plaintiffs may recover damages from Defendants and the Town, city, and State of Rhode Island pursuant to Rhode Island Gen. Laws § 9-1-2, which provides crime victims with recourse to make a financial recovery from crime perpetrator.

**§ 9-1-2 Civil liability for crimes and offenses. –** Whenever any person shall suffer any injury to his or her person, reputation, or estate by reason of the commission of any crime or offense, he or she may recover his or her damages for the injury in a civil action against the offender, and it shall not be any defense to such action that no criminal complaint for the crime or offense has been made; and whenever any person shall be guilty of larceny, he or she shall be liable to the owner of the money or articles taken for twice the value thereof, unless the money or articles are restored, and for the value thereof in case of restoration.

Defendants FBI – The United States Government and their co-conspirators are engaged in an ongoing criminal conspiracy to assassinate Plaintiff Lori Zarlenga and succeeded in the assassination of Victoria Zarlenga.

The defendants, Federal, State, and, Local Law Enforcement and their co-conpirators acting under color of state law deprived the Plaintiff and Plaintiff decedent of rights, privileges, or immunities secured by the Constitution or laws of the United States and of their legitimate and certain property interests through the following violations of  42 U.S.C. § 1983, Section 1985(3) including but not limited to the following: Conspiracy against rights, Conspiracy to Kidnap,  Murder, Assassinate, Wrongful death, Ambush, Stalk, Harass, Intimidate, unlawful stops, surviellance, wirtapp, hack computers and phones, wire fraud, computer fraud  obstruction of justice, false imprisonment, terrorization, due process, defamation, racketeering.

The intentional unlawful acts  by Defendants against Plaintiff and Plaintiff decedent were the direct and proximate cause of serious and ongoing physical and psychological injuries to Plaintiff and Plaintiff decedent..

 As a result of the violations, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs constitutional rights.   Plaintiff seeks damages and Punitive damages.

The defendants criminal conduct was motivated by evil motive and intent, and reckless and callous indifference to the federally protected rights of Plaintiffs.


## PRAYER FOR RELIEF

 WHEREFORE, Plaintiff demands judgment against Defendants on all Counts, and seeks such relief as specified below for all Counts for which such relief is provided by law:

Plaintiff and Plaintiff decedent, demand judgment be entered against Defendants each and every one of them, jointly and severally, for compensatory and actual damages because of their demonstrable physical and emotional injury to Plaintiff and Plaintiff decedent, punitive damages because of Defendants callous and reckless indifference and malicious acts, and attorneys fees, costs, an award in an amount to be determined at trial in trebled damages where appropriate, punitive damages, and such other relief the Court may deem just and proper. Awarding Plaintiff pre- and post-judgment interest as permitted by law.

Awarding Plaintiff the financial gain earned by Defendants as a consequence of the violations described herein.

For the 1983 violations, awarding compensatory damages, costs, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988; along with punitive damages in an amount to be determined at trial against each of the individual Defendants in their individual capacities, as well as any other relief this Court deems appropriate.

For the Bivens violations, an award of compensatory and actual damages, punitive damages in an amount to be determined at trial, equitable relief, reasonable attorneys' fees, pre-judgment interest, postinterest and costs, and an award that this Court deems just and proper.

For Wrongful death and Survival Action, Plaintiffs requests that the Court enter judgment against Defendant for Plaintiffs' general and special damages; for Plaintiffs' costs incurred in pursuing these claims; for pre- and post-judgment interest to the extent provided by law; for punitive damages in an amount to be determined at trial ; for reasonable Attorneys' fees; for such further relief as the Court deems just and fair.

For the RICO violations, an award of trebled damages as consistent with 18 U.S.C. § 1964(c), compensatory and actual damages, punitive damages in an amount to be determined at trial, reasonable attorneys' fees, pre-judgment interest, post-interest, costs and an award that this Court deems just and proper. Attorney's fees and other litigation costs reasonably incurred in this action pursuant to the Racketeer Influenced and Corrupt Organizations Act. Any other relief the Court deems just or proper. Defendants actions showed wilfull misconduct, malice, fraud, wantonness, oppression and an entire want of care that raises the presumption of conscious indifference to consequences and specific intent to cause harm, entitling plaintiffs to receive punitive damages sufficient to deter, penalize, or punish Defendants in light of the circumstances of the case.

Plaintiff is entitled to appropriate preliminary and permanent injunctive relief.  Plaintiff ask the Court to issue appropriate orders and judgment requiring Law Enforcement to cease its illegal conduct and imposing reasonable restrictions upon Law Enforcements future activities sufficient to prohibit future violations of the law.

Plaintiff seeks restraining order and/or protective order, preliminary and permanent injunction, enjoining and restraining all Federal and State law enforcement agents and agencies, and Officers named and unnamed in Plaintiff's complaint herein, from engaging in unlawful conduct complained of herein. Plaintiff's life is in immediate danger from law enforcement. Defendants are engaged in a criminal conspiracy to assassinate Plaintiff.   Plaintiff is seeking a restraining order and/or protective order, against the police in all jurisdictions. Plaintiff will suffer irreparable harm if this Court denies Plaintiff's request for restraining order and/or protective order.

 For a declaratory judgment that Defendants unlawful policies, practices and conduct as alleged herein violate Plaintiffs' rights under the United States and Rhode Island constitutions and the laws of Rhode Island.

Issuing a declaration that: Defendants, according to proof, conspired to and did engage in a common scheme to effect the illegal and unauthorized wiretapping, hacking of Plaintiff's computer systems, phones, and/or personal emails, and the exfiltration of confidential information; invaded Plaintiffs privacy, disseminated that stolen information to the public; and used that disclosed stolen information to impact the 2016 election for their own gain and to surveillance Plaintiffs to cause harm to Plaintiffs.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted on this _____11_____ day of __October 2022_____

_____
Lori A. Zarlenga Pro Se
150 Nashua Street Apartment 5A
Providence, R.I. 02904
401-559-1961
Zarlenga.law@gmail.com
Victoria Ann Zarlenga Estate